[No. 9917. Department Two. — May 14, 1885.]

## PRESENTACION BALLESTERAS DE HALEY, RE-SPONDENT, *v.* SALISBURY HALEY, APPELLANT.

DIVORCE — CORROBORATIVE TESTIMONY. — In an action for divorce on the ground of extreme cruelty, the complaint alleged that the defendant had been guilty of cruel and inhuman treatment of the plaintiff, in that he had accused her of having committed adultery, and that in consequence of such accusations her mental suffering was so great that she became physically ill, and her health endangered. The only evidence in corroboration of the plaintiff's testimony was that of her attorney and another person in reference to statements made by the defendant in conversations of a friendly and confidential character, sought by the plaintiff's attorney with her knowledge, and with a view to settle matters between the parties, there being no evidence that the statements were made with any wanton or cruel intent, or that they produced any effect upon the plaintiff. *Held,* that the testimony of the plaintiff was uncorroborated within the meaning of section 130 of the Civil Code.

APPEAL form a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*H. Allen,* for Appellant.

*John F. Godfrey,* for Respondent.

MYRICK, J. — This is an action for divorce on the ground of extreme cruelty. The plaintiff alleged the marriage of herself and defendant on the 7th of June, 1884, and that the defendant had since then been guilty of cruel and inhuman treatment of her, in that he had accused her of having committed adultery, and that in consequence of such accusations her mental suffering was so great that she became physically ill and her health endangered, and she could not with safety to her mental or physical health continue to live with him, and for that reason she was obliged to leave his home and seek shelter elsewhere.

The plaintiff was examined as a witness in her own behalf, and her testimony tended to fully sustain the allegations of the complaint. According to section 130 of the Civil Code, no divorce can be granted upon the uncorroborated testimony of the parties. It was therefore necessary for the plaintiff to produce evidence other than her own testimony as to the truth of her allegations. This was attempted to be accomplished in

the following way: After she separated from the defendant she consulted with an attorney in reference to her grievances. The attorney was friendly to the defendant, and told her he would see Haley and talk with him, and ask him to get an attorney [naming him], and perhaps they [the attorneys] could arrange it so if the plaintiff and defendant could not agree, a divorce could be got with little expense, scandal, and notoriety. Plaintiff's attorney thereupon had an interview with defendant; and subsequently another interview occurred between the same parties, during a portion of which another person was casually present and heard some of the conversation. The plaintiff's attorney was examined as a witness on her behalf, as was the other person, and it is claimed on behalf of plaintiff that the testimony of these witnesses corroborated the testimony of plaintiff. It may be here stated that independent of the plaintiff and these two witnesses, no evidence was given tending to prove the allegations of extreme cruelty. We are of opinion that the testimony of plaintiff's attorney, and of the other person, did not in any material respect corroborate the testimony of the plaintiff in regard to the averments of the complaint. The statements of the defendant as testified to by these witnesses, were made in conversations of a friendly and confidential character, sought by plaintiff's attorney with her knowledge, and with a view to settle matters between the parties. There is no evidence that they were made with any wanton or cruel intent, or that they produced any effect upon her; they were merely statements of what he professed to believe to be true, together with his reasons for so believing. There was no evidence other than that of plaintiff, of any accusations made by defendant before she left his house, nor that she left his house, or underwent any suffering in consequence of any such accusations. We do not think that the testimony of the plaintiff was corroborated.

Judgment and order reversed and cause remanded for new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.