## HALEY v. HALEY.*

### No. 11,778; May 28, 1887.

#### 14 Pac. 92.

**Divorce — Cruelty — Charge of Unchastity.**—A charge by a husband, in a cross-bill filed by him for divorce, that his wife was pregnant by some one other than himself when he married her, and that she concealed the fact from him, tends to cause the wife "grievous mental suffering," and is a sufficient ground to sustain a subsequent bill by the wife, where it appears that the charge was false and malicious, and that the husband's bill was dismissed.[1]

**Divorce—Cruelty—Charge of Unchastity—Corroboration.**—The provision of Civil Code of California, section 130, that "no divorce can be granted upon the uncorroborated . . . . testimony of the parties," has no application to a case where the wife seeks a divorce on the ground of a false and malicious charge against her by the husband of concealed pregnancy by another man at marriage, although she is the

---

*For subsequent opinion in bank, see 74 Cal. 489, 16 Pac. 248.

[1] Cited and approved in MacDonald v. MacDonald, 155 Cal. 672, 102 Pac. 930, 25 L. R. A., N. S., 45, where the causing of grievous mental suffering is held to be extreme cruelty, under the statute, even with no resulting injury to health.

Cited and approved in MacDonald v. MacDonald, 155 Cal. 673, 102 Pac. 931, 25 L. R. A., N. S., 45, in the connection that the fact of the parties living apart, at the time one gives out a scandalous report of the other, does not relieve such party of the imputation of extreme cruelty, for which, under the statute, divorce may be decreed.

only witness who gave testimony as to what her feelings about the charge were. Where the court finds that the charge was false, and there is nothing in the record to negative the fact that the wife is a pure and virtuous woman, the presumption is that such a charge had its natural effect on such a woman, and caused her "grievous mental suffering."

**Divorce—Assignment of Judgment to Wife.**—Where the court, upon decreeing a divorce in favor of the wife, finds that there is a *judgment outstanding against her in favor of the husband*, and that the judgment, which was wrongfully rendered, was for money which he had given her in consideration of the relinquishment by her of her *rights in the homestead, so that he might sell it, the court may order* the judgment to be assigned to her.

**Divorce—Former Decree not Estoppel.**—A decree dismissing a bill filed by the wife for divorce, and also dismissing the husband's cross-bill, because the charges of neither party had been sustained, does not operate as an estoppel upon the wife to bring another bill against the husband on the ground that the charges in his cross-bill, which the court had found to be false, amounted to cruel and inhuman treatment.

APPEAL from Superior Court, Los Angeles County.

In 1884, some time between June 7th, at which date the parties were married, and September 19th, Presentacion B. De Haley, respondent, commenced suit in the superior court of Los Angeles county against her husband, Salisbury Haley, appellant, for divorce. The bill was based upon a charge of "cruel and inhuman treatment, in that he had accused her of having committed adultery." This suit, which is known and referred to in this statement as No. 3449, resulted October 7, 1884, in a decree in favor of the wife of absolute divorce. A motion was made by the husband, December 16, 1884, for a new trial, which was overruled, and an appeal was thereupon taken to the supreme court which, May 14, 1885, reversed the superior court, and granted a new trial: Haley v. Haley, 7 Pac. 3. The motion for the new trial in the superior court was supported, in part, by the affidavit of the husband set out below. On May 8, 1885, the husband filed a bill for divorce against the wife. The substance of this bill is also set out below. This bill was dismissed, on advice of counsel, May 13, 1885, pending the appeal in No. 3449. When the remittitur in that case reached the superior court, the husband filed a cross-complaint containing the substance of the bill filed by him May 8, 1885, and subsequently dismissed. A supple-

mental complaint was filed by the wife, June 17, 1885, setting out the affidavit used by the husband on his motion for a new trial, and the bill filed by him, May 8, 1885, and alleging statements by him to various persons that his wife was pregnant by some one other than himself, and that she had had a child by some other than himself. This bill was demurred to, and the demurrer was sustained. The court (Brunson, J.) found January 14, 1886, as a matter of fact, among other things, "that defendant, during said marriage and before plaintiff left his house never accused her of being pregnant by some or any man other than himself, or desiring to have sexual intercourse with some or any man other than himself; nor did he taunt or accuse her of committing adultery, or of desiring to commit adultery with some or any man other than himself." As to the cross-complaint of the husband, the court found, among other things, "that at the time of said marriage, June 7, 1884, plaintiff was not actually or at all pregnant with child by the paternity of any individual." The complaint and cross-complaint were thereupon dismissed, and the divorce refused.

The wife then filed this bill, alleging in paragraphs 4, 5, and 6 as follows:

"Fourth. Plaintiff alleges that, since said marriage was consummated, the said defendant has treated the plaintiff in a cruel and inhuman manner, and particularly in this: On or about the sixteenth day of December, 1884, the said defendant filed in this court an affidavit, verified by himself, in a certain action then and there pending between plaintiff and himself, which said affidavit was thereafter read by and made known to a number of persons, and is in words and figures, to wit:

"'In the Superior Court of Los Angeles County, State of California.

"'Presentacion Haley,
            Plaintiff,
        vs.
    S. Haley,
            Defendant.

"'S. Haley, being duly sworn, deposes and says that on December 12, 1884, the plaintiff in this action arrived from San

Francisco, since which time affiant has seen her numerous times, and finds that she is in an advanced state of pregnancy; and, as she appears to affiant, she is from six to seven months advanced in pregnancy; that affiant first discovered that she was pregnant in July last past, in seeing that her belly, breasts, and feet were swelling, of her having nausea in the morning, since which time affiant, on every occasion of seeing her, discovered that she was advancing in pregnancy, and on the fourth of October, at the trial of this cause, affiant discovered unmistakable signs of pregnancy in plaintiff. Affiant and plaintiff intermarried June 7, 1884, and affiant had no connection with plaintiff until June 19, 1884.

" 'S. HALEY.

" 'Subscribed and sworn to before me this sixteenth day of December, 1884.

" 'A. W. POTTS, Clerk.
" 'By A. Rimpau, Deputy Clerk.'

"All of which statements in said affidavit contained were wholly and absolutely false and malicious, and became known to many persons in this community, and were communicated to this plaintiff, by reason whereby she suffered grievous mental pain and anguish.

"Fifth. Plaintiff further alleges that on or about the eighth day of May, 1885, defendant caused to be prepared and filed in this court a complaint in a certain action entitled 'Salisbury Haley v. Presentacion Ballestero De Haley,' in which said complaint he charges plaintiff, to wit: 'That heretofore, to wit, on the seventh day of June, 1884, the plaintiff and defendant were intermarried as husband and wife. Now plaintiff shows to the court and avers that the defendant, by his inducement of this plaintiff to enter into marriage with her, perpetrated a grievous fraud upon this plaintiff, and that the defendant did willfully deceive and cheat this plaintiff as to the defendant's capacity to fulfill the duties, obligations, and ordinary incidents of marriage, in this: That at the time of the intermarriage of plaintiff and defendant, on the seventh day of June, 1884, as aforesaid, this defendant was in fact, unknown and unsuspected by this plaintiff, actually pregnant with child by some person other than this plaintiff, and that this plaintiff was entirely ignorant of the fact of this

defendant's pregnancy at the time of the intermarriage of plaintiff and defendant as aforesaid. And plaintiff avers that such pregnancy of this defendant was not by this plaintiff, and plaintiff avers that he never had sexual intercourse with defendant prior to the marriage of plaintiff and defendant on the seventh day of June, 1884, as aforesaid.'

"Sixth. That each and every of said allegations and statements were false, unfounded, and malicious, and were made by the said defendant for the sole purpose of grieving the said plaintiff, and that, before the commencement of this action, the same were made known to this plaintiff, and that thereby she was subjected to great shame, and to grievous mental anguish and suffering, and was made sick, and her life rendered miserable and wretched. Wherefore plaintiff prays judgment."

There was a demurrer to the complaint, which was overruled. The husband then filed a cross-complaint, alleging desertion. On May 3, 1886, the court passed a decree dissolving the marriage, allowing the wife to resume her maiden name, and awarding her fifteen hundred dollars and costs. The decree was based on the following findings of facts:

" (1) That all the allegations of the complaint herein are true, and that the articles set forth in said complaint as cause of action are complete, are not misleading, nor are they mutilated.

" (2) The judgment made and entered in the action of P. B. De Haley v. S. Haley on January 14, 1886, in said court, was not and is not an adjudication of any of the matters charged in the cross-complaint in this action, or of any of the issues tendered thereby.

" (3) That on the eighth day of April, 1886, the defendant herein filed a cross-complaint against the plaintiff praying for a decree of divorce upon the ground of desertion.

" (4) That the allegation of desertion pleaded in said cross-complaint is true.

" (5) That plaintiff and defendant intermarried on the seventh day of June, 1884, at the city and county of Los Angeles, state of California; that after said marriage, and on the same day, the defendant filed his homestead declaration upon certain lands and premises situated in said city of Los Angeles, and upon which he and the said plaintiff then resided;

that said homestead declaration was in all respects duly made, certified, and recorded as the law required; that on the trial of the cause of P. B. De Haley v. S. Haley (No. 3449), this court awarded to the defendant, S. Haley, the said homestead, and to the plaintiff, P. B. De Haley, the sum of fifteen hundred dollars, for and on account of her interest therein; that subsequent to said decree, and while the same was in full force, the said S. Haley, being desirous of selling said homestead property, paid to the plaintiff herein the said sum of fifteen hundred dollars, whereupon, and by reason of such payment, this plaintiff made, executed, and delivered her abandonment of said homestead in due form of law, and quit-claimed all her right, title, and interest therein, as directed by the said S. Haley. Thereafter the said judgment was, on appeal to the supreme court, reversed, and the cause remanded for a new trial, and said action was thereafter, and after the filing in this court of the remittitur from the supreme court, tried, and the prayer of the complaint denied; that subsequent to such determination of said action, the said S. Haley commenced an action in this court against the plaintiff herein for the recovery of the said sum of fifteen hundred dollars so as aforesaid awarded to her in lieu of her interest in the said homestead property, and the action herein last above referred to came on regularly for trial, and thereupon, to wit, on the twenty-first day of April, 1886, a judgment in favor of S. Haley, plaintiff, and against the said P. B. De Haley defendant was duly made, given, and entered; and it appearing to the court that the money for which said last-named judgment was given, equitably and of right represented the interest of the said P. B. De Haley in and to the homestead so declared as hereinbefore found, it is further found that plaintiff herein is entitled to have awarded to her, as and for her interest in the estate and homestead of the defendant, S. Haley, the said judgment of fifteen hundred dollars and costs, and the whole thereof, rendered as aforesaid on, to wit, the twenty-first day of April, 1886.''

The husband thereupon took this appeal.

S. Haley and D. Lyons for appellant; Hupp & Glowner for respondent.

FOOTE, C.—Mrs. Haley instituted an action for divorce against her husband, Salisbury Haley. She alleged and proved that, in a former action for divorce instituted by him against her, he had, in his pleading and affidavits filed in the cause, charged her falsely and maliciously, and for the purpose of grieving her, with having been pregnant at the time of their marriage by a man other than himself, and that she had concealed her condition from him, and by such concealment induced him to marry her. The averments of the complaint were found to be true.

We think that such a charge tends to cause "grievous mental suffering," and comes within the rule laid down in Powelson v. Powelson, 22 Cal. 358. The plaintiff testified that it did in fact cause her grievous mental suffering. It is contended, however, that, inasmuch as no other witness gave evidence as to what her feelings were, her testimony on this point is uncorroborated. But the court finds that the charges were false, and there is nothing in the record to negative the fact that Mrs. Haley was a pure and virtuous woman. This being the case, we think the presumption is that the charge had its natural and usual consequence, and that it is no more necessary to prove that it induces suffering than to prove that bodily injury is followed by pain. The court was entirely justified in its finding on that point.

The judgment made and entered in a former action between these same parties was not such an adjudication of the matters set up by the cross-complaint in the present action as would bar the plaintiff's right of recovery; for, although Mr. Haley's charges against his wife of a want of chastity, etc., had been previously passed upon by the trial court in the former action, yet that court found adversely to him on the point, and repudiated the charge as being untrue. Therefore it would be a violation of Mrs. Haley's legal right to say that because her husband had in that first action made groundless and cruel charges against her, on which the court had fixed the seal of disbelief, that she, in this action, may not, by her complaint, make such charges so made the proper basis of present judicial inquiry, with a view to determine whether such conduct on his part did or not entitle her to seek for and obtain a divorce from him.

We perceive no error in the trial court's assigning to her the judgment for fifteen hundred dollars, which her husband had formerly obtained against her; for to enforce that judgment would have been inequitable, since the money, which was the basis of the action wherein that judgment was recovered, had been voluntarily given to her by him on the settlement of a former suit, and he had no just right to recover it back.

Upon the whole record, we observe no prejudicial error, and the judgment and order should be affirmed.

We concur: Belcher, C. C.; Hayne, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.