[No. 504. Decided July 6, 1892.]

EMMA BLUROCK, *Appellant,* v. GEORGE E. BLUROCK, *Respondent.*

#### DIVORCE—CRUELTY—EVIDENCE.

Where, in an action by a wife for divorce on the ground of her husband's cruelty in publicly accusing her of unchastity, the evidence on that point is conflicting, and it appears that the husband's conduct was stimulated by jealousy, for which the acts of the wife gave him some occasion, the verdict of the trial court against the plaintiff will not be disturbed.

*Appeal from Superior Court, Clarke County.*

Action by Emma Blurock against George E. Blurock for divorce on the ground of cruel treatment in publicly accusing plaintiff of not being a true and virtuous wife. From a judgment for defendant plaintiff appeals.

*Metcalf, Hess & Metcalf,* for appellant.

The opinion of the court was delivered by

DUNBAR, J.—Considering all the testimony in this case, we think we would not be justified in disturbing the verdict of the trial court. Counsel for appellant cites the case of *Lee v. Lee,* 3 Wash. 236, and asserts that this court is now placed in a state where it must either reverse its late decision on the question of cruelty, or accept that of the inferior court. This court having the testimony in both cases before it, finds no parallel whatever, and

we are ready to re-affirm the sentiment expressed in *Lee v. Lee,* that "it is hard to conceive how a husband could be more cruel to a wife not entirely devoid of all sensibility and womanly instincts than to persistently and falsely, and without just cause, accuse her of unchastity, especially to or before other persons." But we are unable to conclude from the testimony in this case that the defendant was guilty of any such conduct. At all events, the evidence on that point was very conflicting, and the court who saw the witnesses on the stand, and noted their manner of testifying, evidently gave as much credence to the denials of the husband as he did to the assertions of the wife, and we cannot say that he was not justified in so doing. The conduct of the husband evidently was not always praiseworthy, and sometimes bordered on the coarse and brutal, but his conduct towards his wife was evidently stimulated by his jealousy. This would be no justification if there were no grounds for jealousy; but we are inclined to think with the judge who tried the cause that, intention-ally or unintentionally, she gave her husband some grounds for apprehension. A woman who has a true appreciation of the marriage relation will not be found keeping company with a man of whom her husband is jealous, and of which fact she is cognizant; and it seems from the testimony of plaintiff's sister, Mrs. Jaggy, that it was pretty well understood that the defendant and Hayden were not on good terms at the time that Hayden was escorting plaintiff down the street. So explicit, in fact, was this understanding that Hayden, instead of openly escorting the plaintiff to her husband's buggy, where the husband was, stopped on the corner and allowed the wife in company with her sister to approach her husband without his escort. The whole testimony shows that the defendent was jealous of Hayden, that the plaintiff knew it, and that her conduct tended to excite rather than to allay his apprehensions, and since the

separation it seems from the admissions of the plaintiff that there has been some talk, although she says it was in the way of joke, by her folks about her marrying Hayden. And in answer to a question by the court, if, when she and Hayden were alone, the subject had ever been mentioned, she replied, "Not that I remember." This was an evasive answer, and doubtless was so considered by the court. She knew whether they had talked about it or not, and if they had not, she would unequivocally have said "no."

There were many other charges made by the plaintiff in her direct testimony, but in the light of the cross-examination they lost much of their force; and, under the circumstances of the case, we think the judgment of the lower court should be affirmed, and it is so ordered.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.