[No. 8525. Department Two. February 25, 1910.]

ANNA MORRIS, *Respondent*, v. AYLETT C. MORRIS, *Appellant*.[1]

DIVORCE—GROUNDS—CRUELTY—CHARGE OF UNCHASTITY. A divorce is warranted on the ground of cruelty and personal indignities rendering life burdensome, where the husband, in the presence of others and of grown children, continually charged his wife with unchastity and denied the authorship of his children.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered March 16, 1909, upon findings in favor of the plaintiff, in an action for divorce, after a trial on the merits before the court without a jury. Affirmed.

*W. J. Canton*, for appellant.

DUNBAR, J.—This is an action for divorce. The complaint alleged nonsupport and cruel treatment. The answer

[1]Reported in 107 Pac. 186.

30—57 WASH.

denied these allegations, alleging conduct on the part of the plaintiff. which was unwifely. Upon hearing the case, the court granted a decree of divorce to the plaintiff, awarding her the care and custody of the five minor children, and awarding to her the property which was left within the court's jurisdiction.

The respondent has not filed a brief in this cause. The appellant alleges error in not sustaining his demurrer to the complaint, and in granting decree upon the testimony adduced. We think unquestionably the complaint was sufficient, both as to the allegations of nonsupport and of cruel treatment. We are also satisfied, from an examination of the record, which is brief, that the court was justified in the findings which it made, and in the judgment rendered. The husband took all the available property, horses, cattle, and other personal effects, out of the jurisdiction of the court to Canada some two or three years before the commencement of this action, and himself stayed in that country most of the time, returning only at intervals for very brief periods of time. We will not discuss the testimony at length in that respect, but it is amply sufficient to show that this woman with five children was left without sufficient support.

We also think the decree can be justified on the ground, prescribed by the statute, of cruel treatment of either party by the other or personal indignities rendering life burdensome. It is true that no physical violence was offered to the wife, but one has the faintest conception of human nature who supposes that harsh and cruel treatment or personal indignities are confined to physical assaults. To a sensitive wife continual charges of unchastity, with a disavowal of the authorship of his own children, especially when made continuously in the presence of others and even in the presence of the children, one of whom was seventeen years old and another fifteen, would constitute a cruelty compared with which the most brutal physical assault would be a soothing balm. The soul weariness and hopelessness of the wife is

manifested in an answer to the question, "Do you remember Mr. Morris objecting and telling you that he did not like Mr. Coleman to come to the place?" when she said: "I don't remember having talked with him about it. I remember something of the kind. I had so much of that kind of thing that it would be hard for me to remember."

There is an attempt on the part of the appellant to show that this jealousy of the husband was justified by the conduct of the wife. But the attempt we think has signally failed. The husband was quick to make charges in his answer to her petition for divorce, but he failed to appear and testify in the cause, nor did any one testify for him. Nor does the cross-examination, which the appellant seems to rely upon, support in any measure his contention that the wife was unchaste or even imprudent.

The judgment was in all respects right, and will be affirmed.

Rudkin, C. J., Parker, Mount, and Crow, JJ., concur.