[Civil No. 3170.   Filed June 20, 1932.]

[12 Pac. (2d) 280.]

PAUL DICKASON, Appellant, v. OCTIA S. DICKASON, Appellee.

Mr. T. E. Scarborough, for Appellant.

Mr. George F. MacDonald, for Appellee.

LOCKWOOD, J.—Octia S. Dickason, hereinafter called plaintiff, brought suit for divorce against her husband, Paul Dickason, hereinafter called defendant. The case was tried to the court without a jury, and a judgment was rendered granting the divorce, giving plaintiff the custody of the three minor children of the marriage, and providing that defendant should pay to her for the support of such children the sum of $30 per month. Defendant seeks a review of this judgment.

There are some three assignments of error, the first two being, in substance, that the evidence does not sustain the judgment, while the third is that there is a variance between the allegations and the proof.

The complaint alleges the following grounds for divorce:

"That the defendant has been guilty of excesses and cruel treatment toward this plaintiff in that, on various occasions the defendant has accused this plaintiff of being immoral and having illicit relations with other men. Defendant did hit and strike the

plaintiff and on other occasions the defendant has denied his parentage to the younger son, Van Huston Dickason, both of which accusations are false and untrue and made with the intent to injure and humiliate the plaintiff herein; that all of said conduct, excesses and cruel treatment have seriously affected plaintiff's health, both in body and in mind, and have caused her great mental anguish, rendering it impossible for plaintiff to continue her relations with defendant as his wife.''

It will be seen by this that the charge is of both mental and physical cruelty, the mental cruelty consisting of (a) general accusations by defendant that the plaintiff was immoral and had illicit relations with other men, and (b) the specific accusation that the younger child of plaintiff was not also the child of defendant. The allegation of physical cruelty is that defendant struck plaintiff.

The evidence in regard to the allegation of illicit relations with other men is found only in the testimony of plaintiff herself as follows:

''Well, he accused me of having relations with other men, that I had been stepping out on him for eighteen months, and I couldn't possibly been doing that because for nine months before. . . . ''

There is, however, no corroboration upon this point.

The second alleged act of mental cruelty is found in the testimony of plaintiff's mother as follows:

''Well, we were talking about her leaving him, and I asked him what was the matter with him and he said his mother told him that she supposed Octia was pregnant again, and he said 'that couldn't be because we have not lived together as man and wife since the twins were born.' ''

The evidence of physical cruelty, in substance, is that, one time when plaintiff was about to correct one of the minor children of the parties by spanking it with a small board, defendant took the board away from her, telling her she must not punish the

children in that manner, and slapped her on the back once with the board, saying that that was the way it would have hurt the child. These three specific acts are the only ones mentioned in both the complaint and the evidence.

So far as the physical cruelty is concerned, we think, under the circumstances testified to, it is entirely too trivial to be considered as a ground of divorce, and since the accusation of "stepping out," alleged to have been made to plaintiff personally, depends on her testimony alone, it is insufficient. The statement by defendant that plaintiff could not be pregnant because he had not lived with her as his wife for more than a year is more serious, for, since as a fact she was pregnant at the time, this was in effect an accusation of adultery.

It is very generally held that false charges of adultery made by either the husband or wife maliciously and without probable cause constitutes legal cruelty. *MacDonald* v. *MacDonald*, 155 Cal. 665, 25 L. R. A. (N. S.) 45, 102 Pac. 927; *Avery* v. *Avery,* 33 Kan. 1, 52 Am. Rep. 523, 5 Pac. 418; *Hildebrand* v. *Hildebrand,* 41 Okl. 306, 137 Pac. 711; *Morris* v. *Morris,* 57 Wash. 465, 107 Pac. 186. As was said in the last-cited case:

"To a sensitive wife . . . charges of unchastity . . . would constitute a cruelty compared with which the most brutal physical assault would be a soothing balm."

Defendant indeed does not deny the general rule, but urges that false charges of adultery to constitute cruelty must have been made in bad faith, and, if made in good faith and upon reasonable ground for believing them to be true, they afford no ground for divorce. *Spofford* v. *Spofford,* 18 Idaho 115, 108 Pac. 1054; *Masterman* v. *Masterman,* 58 Kan. 748, 51 Pac. 277; *Blurock* v. *Blurock,* 4 Wash. 495, 30 Pac. 637.

Assuming this to be the law, is the record such that the trial judge could have found bad faith? It is urged that, since defendant testified the child could only have been conceived on September 10th if it was his, and that it was born on April 7th, it is obvious that he had good cause for his accusations. It appears, however, from the record that the charge made was that it was impossible the child could be his because he had not had sexual relations with his wife for more than a year, while his own testimony on the stand and his own admissions in letters written before the child was born admit his paternity. We think that when a husband makes a positive and unqualified statement which, if true, leads inevitably to the conclusion that his wife has been guilty of adultery, and at the same time he knows that the alleged fact upon which such accusation is predicated is untrue, a trial court may well find that the charge was not made in good faith or upon reasonable grounds. We are of the opinion that we cannot say as a matter of law the trial court was not justified in finding from the evidence that the husband had without reasonable cause or good faith accused his wife of infidelity, and that such accusations had a deleterious effect on her health. If this be true, there was evidence to sustain the judgment.

It is urged, however, that there is a fatal variance between the allegation and the proof in that plaintiff stated specifically that the real reason why she did not return to her husband was for a cause not set forth in the complaint. We think that this, even if true, is immaterial. If a wife, for reasons which would justify the granting of a divorce, leaves her husband, and later refuses to return to him, the fact that she might have condoned the offense charged, were it not for other matters not set up in the complaint, does not deny her the right of divorce.

It is always an unfortunate thing where, for any reason, a marriage presumably entered into with the hope and expectation of permanency is broken, and this is particularly true when, as in the present case, the interests of three little children are involved, but this unfortunate circumstance does not change the rule that, where the trial court has found on evidence legally sufficient to sustain such a finding that one of the parties had been guilty of conduct which justified the granting of a decree of divorce in favor of the other, and when such divorce is so granted, that this court is bound to affirm it. For the foregoing reasons the judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.