[Civil No. 4722.   Filed June 25, 1945.]

[160 Pac. (2d) 330.]

JESSIE SESSUM, Appellant, v. ROBERT E. SESSUM, Appellee.

Mr. C. H. Richeson, for Appellant.

Messrs. Jennings & Tenney, for Appellee.

WINDES, J.—Appellant filed a complaint for divorce on May 4th, 1942. Service was had by publication and default of the defendant, appellee herein, was entered July 8, 1942. On the last mentioned date the case was heard by the Honorable Howard C. Speakman, Judge of the Superior Court of Maricopa County, and judgment granting plaintiff a divorce was duly filed on July 8, 1942. On January 8, 1943, appellee filed a motion to set aside the default, which motion was heard February 21, 1944. The trial judge who heard the motion, on March 4, 1944, entered the following order:

"Now, it is ordered that the Defendant's Motion to Set Aside the Default is granted.

"And it is further ordered by the Court, upon its own motion, that the Decree is vacated and set aside upon the grounds and for the reason that it appears that the Court, without jurisdiction, entered a decree, it appearing that from the transcript of evidence, there was no corroboration of jurisdictional facts of residence."

Appellee does not contend that the portion of the trial court's order granting the motion to set aside the default should be sustained, consequently it is unnecessary to discuss such portion of the order. He does, however, insist that the court did legally on its own motion set aside the decree for the reason that it appears from the transcript of the evidence filed in the cause that there was no corroboration of plaintiff's evidence that she possessed statutory residence necessary to give the court jurisdiction to grant the decree.

After the plaintiff had testified she had lived in Maricopa County, Arizona, for more than the requisite statutory period, one Opal Lewallen testified that she lived at 738 East Washington Street (presumably in Phoenix, Arizona); that she had known the plaintiff about a year; that she knew plaintiff had resided in Maricopa County for more than six months prior to filing the complaint; and that during the last year that she knew the plaintiff, she, the plaintiff, had supported herself and her child.

The sole question for determination is whether this is sufficient corroborative evidence to warrant the granting of the decree. The weakness of the witness Lewallen's testimony is that while she said she had known plaintiff about a year, she did not specifically state she had known her in the State of Arizona for a year prior to the filing of the complaint. We think that since the witness lived on East Washington Street the court could probably interpret the statement to mean East Washington Street in Phoenix, Arizona, and that the court would have the right to infer that such acquaintance as she had with the plaintiff for about a year was at the witness' place of residence, and not in New York, or some other state.

The rule in divorce cases does not require categorical corroboration, but merely requires some evidence in addition to that of plaintiff which "leads the impartial and reasonable mind to believe the material testimony of the plaintiff [to be] true." *Gerard v. Gerard,* 216 Minn. 543, 13 N. W. (2d) 606, 608. If there be some corroborative evidence the degree thereof is left to the trial court's discretion, *Liddell v. Liddell* (Tex. Civ. App.), 29 S. W. (2d) 868, and since the purpose of the requirement is to prevent collusion, if the case is a contested one, and there appears to be no collusion, only slight corroboration is

necessary. *Bess* v. *Bess,* 58 Idaho 259, 72 Pac. (2d) 285.

Illustrative of evidence adjudged to be sufficient on the question of residence is the decision of the Supreme Court of California in the case of *MacDonald* v. *MacDonald,* 155 Cal. 665, 102 Pac. 927, 25 L. R. A., N. S., 45, wherein testimony of witnesses concerning the plaintiff's reputation for sobriety and industry, and his personal habits, was held to be sufficient corroboration. See also the case of *Ungemach* v. *Ungemach,* 61 Cal. App. (2d) 29, 142 Pac. (2d) 99, where the evidence was held weak but sufficient.

We hold that under the principles announced herein there was sufficient corroboration of plaintiff's evidence to render the original decree legal, and the learned trial court's order setting said decree aside is reversed.

STANFORD, C. J., and MORGAN, J., concur.

NOTE: Justice LAPRADE, being disqualified, the Honorable DUDLEY W. WINDES of the Superior Court of Maricopa County was called to sit in his stead.