344 P.2d 161

Mary C. WILLIAMS, Appellant,

v.

Beryle W. WILLIAMS, Appellee.

No. 6623.

Supreme Court of Arizona.

Sept. 30, 1959.

202

Paul H. Primock, Phoenix, for appellant.

Gibbons, Kinney & Tipton, Phoenix, for appellee.

JOHNSON, Justice.

This is an appeal from a judgment granting a decree of divorce to the appellee, husband, on the grounds of cruelty. Appellant bases her appeal upon asserted (1) failure of the trial court to grant support payments to the appellant who was granted custody of the minor child of the parties and (2) lack of corroboration of appellee's testimony concerning the alleged acts of cruelty. The trial court entered judgment granting the appellee an absolute decree of divorce, awarding the appellant the family home, together with the furnishings and fixtures, one of the cars and the sum of $140 per month as alimony.

The trial court in the final decree of divorce granted the custody of the minor child to the appellant, but made no order for the husband, appellee, to support said minor child. Appellant contends that under the provisions of A.R.S. § 25–319(A), when a minor child is awarded to the custody of the mother, the trial court must grant support payments to the mother. There is no merit to this contention.

The statute, § 25–319(A), supra, provides that the trial court *may* direct the husband to pay to the wife such amounts as are necessary for support and maintenance of the minor children of the parties whose custody is awarded to the wife as may be necessary or proper. The trial court, in the proper exercise of its discretion, divided the community property of the parties, giving to the appellant the family home and furnishings, a car and a sub-

stantial sum as alimony. It was entirely discretionary with the trial court to determine whether the appellee should be required to pay support payments to his wife for the maintenance of the minor child and under the facts in this case we cannot say that the trial court abused its discretion.

At the trial, appellee testified that for a period of ten to twelve years prior to the filing of the complaint for divorce the appellant would at least once a week make false accusations concerning appellee's conduct with other women; that she would have jealous "tantrums", become hysterical and that it was "constant griping from year to year and from day to day, as I came in. Little things." Appellee further testified that many of these matters took place in the presence of his son and his son-in-law. These conditions continued until in April, 1956, when the appellee moved from the home and filed this action for divorce. The appellee also testified that the conduct of his wife was such that it made him highly nervous and affected his work.

The only corroboration presented by the appellee was a fellow-employee who testified that he had worked with the appellee for a number of years and that when he first knew him he did not appear to have any worries and was always jolly, but that a year or a year and one-half prior to the divorce he noticed that appellee was upset and seemed to be emotionally disturbed in his work. He also testified that he had been in the home of the parties and noticed no apparent difficulty. There was no testimony corroborating any of the alleged acts of cruelty testified to by the appellee.

Appellee's testimony sustained all the allegations of his complaint, but it is contended by appellant that there was no substantial corroboration sufficient to comply with the requirements of A.R.S. § 25–317 (B), which provides that "Either party may be a witness, but no divorce shall be granted upon the testimony or admissions of a party unless they are corroborated by other evidence."

We held in Lundy v. Lundy, 23 Ariz. 213, 202 P. 809, that the reason for the rule stated in our statute is to guard against collusion between the parties to the marriage contract to have the contract dissolved; and since that is the purpose, if the case is contested and there appears to be no collusion, only slight corroboration is necessary. Sessum v. Sessum, 63 Ariz. 155, 160 P.2d 330. While it is not necessary to corroborate all the alleged acts of cruelty, it must be conceded that no divorce may be granted upon the uncorroborated testimony of either party. We realize it is often exceedingly difficult to obtain corroborating testimony concerning the conduct between spouses. However, such difficulty does not dispense with the statutory requirement for corroboration.

■ The appellee testified that several of the alleged acts of cruelty committed by his wife took place in the presence of his son and his son-in-law. It is difficult to understand why these witnesses were not called to corroborate the testimony of the appellee and no explanation was given of the failure to call them. In view of the failure of the appellee to call at least one of these persons to corroborate his testimony it must be presumed that their testimony would have been unfavorable to him. Alger v. Brighter Days Min. Corp., 63 Ariz. 135, 160 P.2d 346; Julson v. Julson, 110 Cal.App.2d 797, 243 P.2d 558.

■ The corroboration relied upon by the appellee is only in the testimony of one witness who noticed that the appellee was upset and nervous when he observed him at his place of employment. What caused such condition is left to speculation. This testimony certainly does not corroborate any of the acts of cruelty relied upon by the appellee, nor does it corroborate that any of the alleged acts of cruelty of appellant caused the appellee to become upset and nervous.

The testimony offered for the purpose of corroboration is unsatisfactory and unconvincing and, in fact, completely fails to in any manner corroborate the appellee.

We hold such testimony does not meet the requirements of A.R.S. § 25–317(B).

Judgment reversed.

PHELPS, and UDALL and STRUCKMEYER, JJ., concur.

BERNSTEIN, Justice (specially concurring).

Although I concur in the announced result, I would add a special word to emphasize that, in my view, the decision in the instant case should not be read as a departure from the long standing rule of interpretation concerning our corroboration statute, i. e., that, where the circumstances afford assurance that collusion is not present, the statute requires only slight corroboratory evidence.

In such cases, the policy of the statute does not require, and we should not encourage, any unnecessary rubbing of salt into the psychic wounds caused by marital discord. We should be particularly understanding of the complainant who does not wish to call upon his or her children to "take sides" in the matter by offering corroboratory evidence as to unpleasant details.

The difficulty in this case is that no corroboratory evidence whatever was offered as to any alleged act of cruelty. Whatever relaxation of the rule of evidence circumstances might warrant, the majority opinion rightly concludes that the rule cannot be abrogated by ignoring it.