JOHN P. SMITH, RESPONDENT, v. MARGARET SMITH, APPELLANT.

MARRIAGE CONTRACT — FRAUDULENT CONCEALMENTS AT TIME OF.—Where a woman before marriage conceals from her intended husband the fact that she had some time before been the mother of an illegitimate child, such concealment is not such a fraud as will annul the marriage.

GROUNDS FOR DIVORCE—FALSE ACCUSATION OF UNCHASTITY.—If a husband or wife either falsely accuse the other of unchastity, such accusation is a sufficient cause for a divorce.

APPEAL from Linn County.

This is a suit by the respondent against the appellant for divorce upon two grounds: 1. Fraudulent representations by the appellant relied upon by the respondent at the time of the marriage to the effect that she had always led a chaste life, while in fact she had prior to such time given birth to an illegitimate child; 2. Cruel and inhuman treatment, by falsely charging the respondent in the presence of others of the crime of adultery with his daughter-in-law.

The allegations relied upon by the respondent were denied by the appellant, except that which related to the fact that the appellant had given birth to an illegitimate child before the marriage. The court granted a decree of divorce.

*C. E. Wolverton and N. B. Humphrey*, for appellant.

*John Burnett and R. S. Strahan*, for respondent.

By the Court, BOISE, J.:

The appellant claims that the first count of the complaint which alleges that the appellant was guilty of fraud and false representations or concealments of her real char-

acter, and thereby induced the respondent to contract the marriage, does not state sufficient facts to constitute a cause of suit.

The allegations of the complaint referred to as charging fraud are, that the appellant before the marriage represented herself as having been always a chaste and virtuous woman, and that by reason of these representations the respondent was induced to contract the marriage, and that these representations were false. These allegations being denied, and proof having been taken thereof, we think the evidence fails to show that such representations were made and that the appellant did nothing more than conceal from her intended husband that she had been the mother of an illegitimate child some years before. We think the mere fact of this concealment is not such a fraud as would be a sufficient cause for annulling the marriage. It therefore becomes unnecessary to pass on the question as to whether the allegations in this part of the complaint are sufficient to constitute a cause of divorce, for these allegations are not proven by the evidence.

The appellant also claims that the part of the complaint charging cruelty is not sufficient to constitute a cause of suit. The charge is that the appellant since the marriage has falsely charged the respondent with the crime of adultery with his daughter-in-law. Such an accusation by either the husband or wife against the other has often been held sufficient cause for a divorce, and many divorces have been granted for such causes, and it is now the settled law of this state that such accusation is sufficient cause for a divorce. But while counsel for the appellant concede that this accusation may be sufficient in some cases, they still claim that it is not sufficient in this case, because these accusations were made after the parties were separated and had ceased to live together as husband and wife. We think this makes no difference, for neither a husband nor wife can claim a right to continue the marriage relation while falsely charging the other with unchastity. No domestic happiness or peace can be expected to exist between parties thus falsely criminating each other.

The only question then is, Were the charges made? On this subject there is no doubt, for the appellant alleges the charge in her answer, but offers no evidence even tending to prove it. We think, therefore, that the respondent has made out his case on this part of the complaint, and is entitled to a divorce.

The decree of the circuit court will therefore be affirmed with costs.