[Sac. No. 395.    Department Two.—June 15, 1898.]

## THOMAS B. DORSEY et al., Respondents, v. J. T. NEWCOMER et al., Appellants.

MINING PARTNERSHIP—WORKING OF MINE IN COMMON—PARTNERSHIP PROPERTY.—The partnership property of a mining partnership not formed by actual agreement, but by the actual working of a mining claim owned or acquired by two or more persons for the purpose of working the same, under section 2511 of the Civil Code, consists only of the mining ground so owned or acquired and actually worked, unless other property has been acquired by the partnership for the purpose of aiding in working it, such as a mill or millsite, or other mining property has been acquired by it for the purpose of working it with the mining ground already being worked, and so situated that it can be worked with the original claim as parts of one mine, or has been acquired with partnership funds.

ID.—DISTINCTION IN CODE—AGREEMENT FOR WORK UPON CONTINGENCY.—Section 2511 of the Civil Code, defining a mining partnership, distinguishes between mining ground owned or acquired for the purpose of working it, and such ground actually worked; and it is only the latter that in general can be regarded as partnership property when not acquired by the partnership or with partnership funds. A mere agreement to work a mining claim in the future upon the happening of a contingency does not make it partnership property.

ID.—ACTION FOR DISSOLUTION—CONTRADICTORY FINDINGS—NEW TRIAL.—Where the court, in an action for the dissolution and settlement of a mining partnership, has made contradictory findings as to the actual working of more than one of the mines described in the complaint, by the partners, and it is not distinctly found that other mines worked by members of the partnership were worked by the partnership, a decree of sale of more than one of the mines must be reversed and a new trial ordered.

ID.—FORFEITURE OF MINES—FINDINGS OUTSIDE OF ISSUES.—Where no allegations have been made, or issues formed as to the forfeiture of any of the mines described in the complaint, a finding as to such forfeiture must be disregarded as outside of the issues.

APPEAL from a judgment of the Superior Court of Tuolumne County.    G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. S. Robinson, J. B. Curtin, and Byron Waters, for Appellants.

F. W. Street, for Respondents.

TEMPLE, J.—This action was brought to obtain an accounting in a mining partnership, a dissolution of the copartnership, the payment of the partnership debts and distribution of any surplus funds remaining.

In the complaint it is alleged that on the tenth day of June, 1895, Caleb Dorsey and J. T. Newcomer were the owners of ten designated mining claims, with quartz mill, tools, etc. Caleb Dorsey owned an undivided three-fourths' interest and Newcomer the remaining one-fourth. A conveyance from Caleb Dorsey to plaintiffs Thomas B. Dorsey, Edward W. Dorsey, and E. Snyder Dorsey of a part of his interest February 5, 1896, is averred, and also that Caleb Dorsey died April 21, 1896, and plaintiff E. L. Ewing is administratrix of his estate. It is then charged that debts were incurred in working, operating, and developing said mines and mining property.

The findings of the court are generally in accordance with the complaint, but it is found as follows:

"That plaintiffs or their grantors or predecessors and defendants have not, at any of the times in the complaint mentioned, engaged in working upon or extracting any mineral from any of the said mining claims, other than the 'Snell Claim' or mine, and all the mining work in which they joined or did during the time that they were co-owners in the said mines and mining claims was done upon said 'Snell Mine' and mining claim.

"That said 'Snell Mine' and mining claim is not adjacent to any of the other mines or mining claims described in the complaint, but is situated wholly separate from and does not, on any side thereof, touch upon or adjoin any other of said mines or mining claims."

Notwithstanding this absolute finding that the alleged partners were not at any time engaged in working any of the mining claims except the Snell claim, and that all the work done by them as copartners was done upon said claim, in finding 6 the

court finds that Caleb Dorsey and J. T. Newcomer had done work upon all the claims; that Caleb Dorsey, and all the parties plaintiff and defendant, had been working the Snell Quartz mine and the True Business mine.

In finding 7 it appears that the partnership had forfeited all mines except the Snell and True Business and the Horse Shoe, which last is wholly included in the Snell.

In the decree it is ordered that the Snell mine, the True Business mine, and a certain quartzmill be sold to pay the debts of the partnership.

The partnership, if one existed, was not formed by an actual agreement between the partners to form one, or to do business as partners.  It exists by reason of the law as expressed in section 2511 of the Civil Code: "A mining partnership exists when two or more persons who own or acquire a mining claim for the purpose of working it actually engage in working the same."  It is not always easy to determine what constitutes the partnership property of a mining partnership.  The statute provides that the mining ground owned and worked by partners in mining, whether purchased by the partnership or not, is partnership property.  It does not follow that property, other than the ground owned and worked, may not also be partnership property. No doubt other property acquired by the partnership for the purpose of aiding in working the mining claim, such as a mill or millsite, would also be property of the partnership.  So other mining ground acquired for the purpose of working with the mining ground already being worked, and so situated that it can be worked with the original claim as parts of one mine, would be partnership property.  And, generally, it may be admitted that property acquired by the partnership by the use of partnership funds, as distinguished from the individuals constituting the firm, may be so regarded.

But the statute evidently distinguishes between ground owned or acquired for the purpose of working, and ground actually worked.  It is only the last that in general can be regarded as partnership property when not acquired by the partnership, or by the use of its funds.  The findings as to the actual working of any claims other than the Snell are, at the best, contradictory.  Such findings would not sustain a judgment which must

be based upon the proposition that they were actually worked by the partnership. If it can be said that there is a finding to the effect that, if the Snell mine could be placed upon a paying basis, the parties intended then to develop the True Business, that is not enough. An agreement that upon the happening of some contingent future event they would work a mining claim tends rather to show that they have never worked it.

The finding as to the forfeiture of some of the mining claims is clearly outside of the issues in the case. If the partnership was actually working those claims, no partner could assert title to the prejudice of the creditors of the partnership. But there was no issue upon the subject. Neither in the complaint, nor in any other pleading, were facts constituting a forfeiture pleaded. No issue was tendered or made upon this subject. The plaintiffs do not contend that, under the evidence or findings, work in mining was done upon any of the claims which are declared to have been forfeited. They therefore did not belong to the partnership, and whether they had been forfeited or not was immaterial.

Inasmuch as the findings contradict each other in respects which are material in determining the relief which should be awarded, a new trial must be had.

The judgment is reversed and a new trial ordered.

Henshaw, J., and McFarland, J., concurred.