[Civ. No. 2158. Third Appellate District.—November 8, 1920.]

WALTER A. JOHNSTONE et al., Appellants, v. DANIEL A. GLOSTER et al., Respondents.

[1] WATERS AND WATER RIGHTS—TITLE BY PRESCRIPTION—FINDING.—A finding in an action to determine water rights that for more than five years the defendants have continuously, uninterruptedly, and adversely to the plaintiffs used and appropriated twenty-five inches of the waters of the stream is not so defective as to be entirely insufficient to uphold a decree of title by prescription, in view of the rule that findings are to be construed so as to support rather than to defeat the judgment and of the fact that the term "adversely" is generally recognized as including the elements of title by prescription.

[2] ID.—OWNERSHIP OF WATERS—CONTRADICTORY FINDINGS.—Findings in an action to determine water rights that the plaintiffs are the owners and entitled to the use of 750 inches of the water of the stream and that the defendants are the owners and entitled to the use of twenty-five inches of said water are inconsistent and contradictory.

[3] APPEAL — CHANGE OF — FINDINGS.—The appellate court cannot change the findings of the trial court.

APPEALS from an order of the Superior Court of Modoc County denying a motion to enter a different judgment on the findings and from a judgment and an order denying a

new trial. H. D. Burroughs, Judge Presiding. Affirmed and reversed.

The facts are stated in the opinion of the court.

Daly B. Robnett for Appellants.

Jamison & Wylie for Respondents.

BURNETT, J.—The controversy was over the title and right to the possession and use of the waters of Raider Creek, in Modoc County. Plaintiffs claimed that they were entitled to 750 inches of the water measured under a four-inch pressure, and that the defendants wrongfully entered upon the channel of said Raider Creek at a point above the lands of the plaintiffs and diverted a portion of the water from the main channel of said stream so as to deprive plaintiffs of a part of the water to which they were entitled, and which was necessary for the irrigation and maturing of their crops, greatly to the damage of said plaintiffs. Plaintiffs, therefore, sought the decree of the court to establish their rights to the waters of said stream, as set forth in their complaint, and the right of plaintiff Walter A. Johnstone to maintain "his said dams and ditches upon and across the lands of defendants"; and that said defendants be enjoined and restrained from diverting or interfering with the flow of the water of said creek to the lands of plaintiffs in the quantities mentioned in the complaint, and from in any manner interfering with the maintenance by said Johnstone of the said dams and ditches. The material allegations of the complaint were denied by the answer, and therein defendants set up a title by prescription to 200 inches of said water and also to the ownership of the said dam and ditch across the lands of defendants claimed by said Johnstone, and they asked for a decree of the court establishing their said right in accordance with the allegations of their answer. The court filed lengthy findings of fact, and therefrom drew the following conclusions of law:

"That plaintiffs, as against the said defendants, have the right to take and use for the irrigation of their lands all of the waters of said Raider Creek, except 25 inches, measured under a four-inch pressure, at·the head of what is known as

the 'Gloster Ditch,' and that said defendants be forever enjoined and restrained from, in any manner, interfering with the natural flow of the waters of said creek to the lands of said plaintiffs, except said 25 inches measured at the head of the Gloster Ditch.

"That as to the waters of said creek above the amount of 25 inches which may be permitted to flow into the Gloster Ditch, the defendants Gloster are entitled to 75 inches measured under a four-inch pressure and the plaintiff Johnstone to ten inches measured under a four-inch pressure or such a *pro rata* thereof as may be permitted to flow in said ditch.

"That said Gloster Ditch be declared to be the joint property of said defendants and said plaintiff, Walter A. Johnstone, to be used in the manner hereinabove set forth, and that plaintiffs have their costs herein expended."

Plaintiffs were dissatisfied with the award that was made to defendants of the said twenty-five inches and with the disposition of said ditch and surplus water. They made, therefore, a motion under sections 663 and 663a of the Code of Civil Procedure to have a judgment entered upon the findings of fact in favor of plaintiffs as prayed for in their complaint. This motion was denied, and they appeal from said order. They also moved for a new trial, and they have appealed from the order denying the same and also from the judgment.

One claim of appellants is that the evidence is insufficient to support the contention that defendants have a title to said twenty-five inches of water, and also the right to the joint use of said ditch and of said surplus water that may be permitted to flow in the same. It may be said, however, that there is substantial evidence disclosed by the record to support such claim. The testimony upon which respondents rely is set forth in their brief, and, without reproducing it, we deem it sufficient to say that it is a fair inference therefrom that defendants are entitled to said right as so indicated in the conclusion of the trial court.

It may be said, also, that there seems to be no substantial merit in the claim that defendants are estopped from claiming said right by virtue of a certain deed which it is claimed conveyed all the water here in controversy. Said deed, though, was executed by D. M. Gloster, Mary E. Gloster, and

Maurice · J. Gloster. Respondents, however, connect them-
selves with the title of Honoria Monica Gloster, to whom the
land, now owned by defendants, was patented March 19,
1895. It is the claim of respondents that, at the time of the
execution of said deed, said grantors had no interest what-
ever in said land now owned by respondents or in said water
right. Their position is that the Gloster ditch was built for
the use of said land which is called the Desert claim; that
said ditch was used to carry water to this claim, and that
one D. M. Gloster sold his improvements to his daughter
Honoria Monica Gloster in 1889, and that this Gloster ditch
and the water right connected therewith went to her as a
part of the improvements. But, be that as it may, there is
sufficient evidence in the record to support the theory that
said Honoria Monica Gloster and·her successors in interest in
·the ownership and possession of said Desert claim acquired
a title by prescription to said water ditch and water, and
manifestly they would not be estopped from urging said
claim by reason of the act of some other party with whom
they do not connect their source of title to the land.

[1] Another claim of appellants is that the conclusion of
the court as to the adverse use by defendants of said twenty-
five inches of water is not supported by the findings of fact.
Finding No. 12 is one upon which defendants rely in that
respect and is as follows: "That for more than five years
next preceding the commencement of this action, the de-
fendants have continuously, uninterruptedly and adversely
to the plaintiffs, and to all of them, used and appropriated
25 inches, measured under a four-inch pressure, of the waters
of said stream, at the head of what is known as the 'Gloster
Ditch,' and have continuously, during all of said times, un-
interruptedly and adversely to the plaintiffs and their grant-
ors, and under claim of right, used and applied said 25 inches,
measured at the head of said Gloster Ditch, for the purposes
of irrigating the garden of defendants at the house of
said defendants on the lands described in defendants' com-
plaint, and during all of said time have paid all taxes of
any kind or character levied or assessed upon or against
said ditch or dam or said water right; that said 25 inches
of water is necessary for the irrigation of the garden, shrub-
bery and trees at the house of plaintiffs upon their said

lands." As to the use of the word "plaintiffs" in the last line of the above, we think it a clerical mistake and should be disregarded as the context shows that the word "defendants" was intended. It is the claim, though, of appellants that said finding is fatally defective in that it does not appear that such use was *open, notorious, or with knowledge or acquiescence* of the plaintiffs. These are undoubtedly material elements of a title by prescription, and said finding is subject to criticism in its failure to set them forth. We think, however, that the finding is not so defective as to furnish no support for the conclusion of the court. The term "adversely," as used in said finding is so generally recognized in the statutes and in the decisions as including these elements of title by prescription, that we think it should be so construed as thus used. To say that a use is *adverse* is equivalent to the declaration that it is *open, notorious, under a claim of right and with the knowledge* of the owner of the legal title. In view of the well-established rule that findings are to be construed so as to support rather than to defeat the judgment and also the fact that the court found that said use had been *continuous, uninterrupted,* and under a *claim of right,* we think it should not be held that said finding is entirely insufficient to uphold a decree of title by prescription.

[2] Another criticism by appellants that seems to present a graver question is to the effect that the findings of fact on material issues are wholly inconsistent and contradictory, and that, therefore, the judgment of the trial court must be reversed. (*Learned* v. *Castle,* 78 Cal. 454, [18 Pac. 872, 21 Pac. 11]; *Dorsey* v. *Newcomer,* 121 Cal. 213, [53 Pac. 557].)

We deem it unnecessary to quote in full said findings, but in simple and unambiguous language the court found that the grantors of the several plaintiffs made valid appropriations of 750 inches of the waters of Raider Creek, measured under a four-inch pressure, prior to any use or appropriation of *any* of the water by the defendants or their grantors, and that *ever since* said first and prior appropriation of said 750 inches, said plaintiffs and their grantors have used, diverted, and conveyed said waters upon their said lands for beneficial purposes particularly specified in said finding, and that during all of said time the said respective amounts of

water have been and are necessary and indispensable for the proper irrigation of said lands and crops. It further appears clearly from the finding that at the time of the appropriation of these waters and the use of the same they were unappropriated and unused water, and that the ditches were constructed over and across the lands of the United States, and that said ditches have ever since been maintained as a matter of right. In brief, these findings covered every element of a right by prior appropriation, and they show absolutely and conclusively that plaintiffs are the present owners and entitled to the use of said 750 inches of the waters of Raider Creek and have been such owners ever since said appropriation. There is a finding also to the effect that any and all appropriations by the defendants or their grantors were subsequent to the foregoing appropriations of 750 inches of the water, and that no use whatever was made of any of the waters of Raider Creek by defendants or their grantors *until after* all of these appropriations had been made. Said findings in favor of plaintiffs are not qualified in any manner by the finding in favor of defendants. The situation is substantially this, that the court finds plaintiffs to be the owners and entitled to the use of 750 inches of the water and the defendants to be also the owners and entitled to the use of twenty-five inches of said water. It is manifest that these two conditions are irreconcilable and cannot coexist. The case would be the same if the action involved land and the court had found that plaintiffs are the owners, in the possession and entitled to the possession, of 750 acres, and the defendants are entitled to twenty-five acres of the same.

[3] Of course, the trial court did not actually intend to make conflicting findings. The embarrassment is no doubt due to inadvertence or oversight, but we manifestly are powerless to change the findings of the lower court. That may be done only by the trial tribunal. Although it is true that the findings must be considered together and should be upheld, if possible, yet since there is nothing to indicate that plaintiffs' title is subject to defendants' right to said twenty-five inches, we see no other alternative than to reverse the judgment. The case, if retried, should be conducted with as little expense as possible to both parties. If it is had before the same trial judge, it should be submitted upon the evi-

dence already received and any additional evidence that the parties or either of them may desire to offer.

The order refusing to enter judgment in favor of plaintiffs is affirmed; the judgment and the order denying the motion for a new trial are reversed.

Prewett, J., *pro tem.*, and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 6, 1921.

All the Justices concurred.