[Civ. No. 4718. First Appellate District, Division One.—July 22, 1924.]

## EMIL ANDERSON, Appellant, v. MARY ANDERSON, Respondent.

[1] DIVORCE—EXTREME CRUELTY—DESERTION—INCONSISTENT FINDINGS. In a divorce action, findings to the effect that ever since a given date the "defendant has on divers and numerous occasions and wrongfully and without any cause or reason therefor, falsely accused said plaintiff of marital infidelity and adultery," and "that by reason of her acts, language and conduct, the said defendant has been guilty of extreme cruelty to said plaintiff and plaintiff has thereby suffered and still suffers great and grievous mental pain, humiliation and anguish wrongfully inflicted upon plaintiff by defendant as aforesaid," are inconsistent with other findings to the effect that up to a stated time, which was almost two months after said given date, the parties lived separate and apart from each other by mutual consent, that on the later date a reconciliation and restoration were, in good faith, sought by defendant and refused by plaintiff, and that on said later date plaintiff willfully deserted defendant.

[2] ID.—FINDINGS—CONSTRUCTION OF.—The findings are to be liberally construed in support of a judgment. All the findings are to be read and considered together, and, if possible, are to be reconciled so as to prevent any conflict on material points; and unless the conflict is clear and the findings incapable of being harmoniously construed, the judgment will not be reversed on the ground of a conflict in the findings.

[3] ID.—UNFOUNDED CHARGES AND CRUEL IMPUTATIONS—SINGLE ACT OF CRUELTY — EFFECT UPON MARRIAGE RELATION. — A single act of cruelty may be of such a nature, even where the act consists solely of the making of unfounded charges and cruel imputations, as not only to inflict the most grievous mental suffering, but also to render impossible the subsequent living together of husband and wife upon any such terms as are essential to the accomplishment of the

1. Cruel and inhuman treatment as ground for divorce, notes, 29 Am. Dec. 674; 73 Am. Dec. 619; 51 Am. Rep. 736; 40 Am. St. Rep. 463; 65 Am. St. Rep. 69; 18 L. R. A. (N. S.) 304; 34 L. R. A. (N. S.) 360. See, also, 9 Cal. Jur. 658, 664; 9 R. C. L. 333.

2. See 14 Cal. Jur. 979; 2 R. C. L. 203.

3. Single act as basis of divorce or separation on ground of cruelty, note, 24 A. L. R. 918. See, also, 9 Cal. Jur. 661, 729; 9 R. C. L. 339.

legitimate ends and objects of matrimony if marriage is to be viewed from a different standpoint than as a mere physical relation.

[4] ID.—SEPARATION OF PARTIES—FALSE CHARGES—EXTREME CRUELTY. An action for divorce on the ground of extreme cruelty will lie for false charges made by one party to the marriage against the other after they are living apart.

[5] ID.—FALSE CHARGES OF UNCHASTITY — RIGHT TO CONTINUE MARRIAGE RELATION.—Neither a husband nor wife can claim a right to continue the marriage relation while falsely charging the other with unchastity.

[6] ID.—CONDONATION—ENFORCEMENT OF.—The law does not enforce condonation.

[7] ID.—EXTREME CRUELTY — ACCRUAL OF CAUSE OF ACTION—SUBSEQUENT OFFER OF RECONCILIATION—EFFECT OF.—Where a husband had a completed cause of action for divorce against his wife upon the ground of extreme cruelty before she sought reconciliation, the husband had the right to refuse to accept his wife's offer of reconciliation and to stand upon his cause of action for divorce.

[8] ID. — FINDINGS — APPEAL.—The appellate court is powerless to change the findings of the lower court; that may be done only by the trial tribunal.

---

(1) 38 Cyc., p. 1986.    (2) 4 C. J., p. 775, sec. 2722, p. 780, sec. 2729 (Anno.), p. 787, sec. 2740, p. 1167, sec. 3188 (Anno.); 38 Cyc., p. 1986.    (3) 19 C. J., p. 46, sec. 82.    (4) 19 C. J., pp. 51, 52, sec. 93.    (5) 19 C. J., p. 51, sec. 93.    (6) 19 C. J., p. 84, sec. 193. (7) 19 C. J., p. 84, sec. 193.    (8) 4 C. J., p. 1123, sec. 3114.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Reversed.

The facts are stated in the opinion of the court.

Dozier & Dozier, C. F. Kimball and Dozier, Kimball & Dozier for Appellant.

Reisner & Honey for Respondent.

---

4.  Habits and course of conduct of spouse as cruelty warranting divorce, note, 21 Ann. Cas. 1185.  See, also, 9 Cal. Jur. 661.

6.  Condonation as defense, notes, Ann. Cas. 1912C, 3; Ann. Cas. 1918A, 651.  See, also, 9 Cal. Jur. 685; 9 R. C. L. 380.

8.  See 2 Cal. Jur. 984.

ST. SURE, J.—Plaintiff and defendant were married on April 10, 1920, separated four days thereafter, and never again lived together. Plaintiff brought an action for divorce on the ground of extreme cruelty. Defendant specifically denied the averments of cruelty on her part, alleged willful desertion, willful neglect and extreme cruelty as recriminatory defenses, and willful neglect and willful desertion by way of cross-compaint for separate maintenance, without asking for a divorce. In both her answer and cross-complaint the defendant alleged that plaintiff deserted her on April 10, 1920. There is no issue of the marriage and there are no property rights involved.

The trial court found specifically that all of the allegations of the complaint charging extreme cruelty against the defendant are true, and that all of the defenses and allegations of the answer and cross-complaint are false.

The trial court also found that the parties lived separate and apart by mutual consent from April 14, 1920, until July 7, 1921, when "a reconciliation and restoration were, in good faith, sought by defendant and refused by plaintiff," and that "on or about the 7th day of July, 1921, the said plaintiff disregarded the solemnity of his marriage vow and willfully, and without cause, and with intent to desert and abandon defendant, separated himself from defendant and ever since said date has, and still continues so to willfully desert and abandon defendant and to live separate and apart from her without any cause or reason and against her will and without her consent."

The trial court decided that plaintiff should not be granted a divorce from said defendant upon the ground of extreme cruelty, because of the showing of recrimination consisting of his willful desertion of said defendant, and also that defendant should not be awarded separate maintenance.

Plaintiff appeals from the judgment upon the judgment-roll alone.

[1] Plaintiff urges several grounds why the judgment should be reversed, but we think the one of vital importance is that there is in the findings a clear conflict incapable of being harmoniously construed. The trial court found:

"(VI) That since the said marriage the said defendant, in utter disregard of her marriage vows, and without any just

cause or provocation, has treated plaintiff in a cruel and inhuman manner and has wrongfully inflicted upon plaintiff great and grievous mental pain, humiliation and suffering, and more particularly as follows:

"1. That ever since the 13th day of May, 1921, the said defendant has on divers and numerous occasions and wrongfully and without any cause or reason therefor, falsely accused said plaintiff of marital infidelity and adultery. . . .

"(VII) That by reason of her acts, language and conduct, the said defendant has been guilty of extreme cruelty to said plaintiff and plaintiff has thereby suffered and still suffers great and grievous mental pain, humiliation and anguish wrongfully inflicted upon plaintiff by defendant as aforesaid."

The findings of the trial court which plaintiff claims present an irreconcilable conflict with those above quoted are as follows:

"(XIV) It is true that from the 14th day of April, 1920, until the 7th day of July, 1921, plaintiff and defendant lived separate and apart from each other by mutual consent, and that on said 7th day of July, 1921, a reconciliation and restoration were, in good faith, sought by defendant and refused by plaintiff. .

"(XIII) It is true that on or about the 7th day of July, 1921, the said plaintiff, disregarding the solemnity of his marriage vows and willfully and without cause and with intent to desert and abandon defendant, separated himself from defendant and ever since the said plaintiff has, and still continues so to willfully desert and abandon defendant and to live separate and apart from her without any cause or reason and against her will and without her consent."

We are in accord with the contention of plaintiff that these findings are hopelessly inconsistent.    [2]    In considering them we have in mind the rule that the findings are to be liberally construed in support of a judgment; that all the findings are to be read and considered together, and, if possible, are to be reconciled so as to prevent any conflict on material points; and that unless the conflict is clear and the findings incapable of being harmoniously construed, the judgment will not be reversed on the ground of a conflict in the findings.    The findings show that (ever since the thirteenth day of May, 1921) the defendant had, for two months prior

to the date when the desertion commenced (July 7, 1921), constantly and falsely accused plaintiff of marital infidelity and adultery. **[3]** It is manifest that a single act of cruelty may be of such a nature, even where the act consists solely of the making of unfounded charges and cruel imputations, as not only to inflict the most grievous mental suffering, but also to render impossible the subsequent living together of husband and wife upon any such terms as are essential to the accomplishment of the legitimate ends and objects of matrimony if marriage is to be viewed from a different standpoint than as a mere physical relation. (*MacDonald* v. *MacDonald*, 155 Cal. 665, 669 [25 L. R. A. (N. S.) 45, 102 Pac. 927].)

**[4]** While it is true that the parties separated by mutual consent, it has been held that an action for divorce on the ground of extreme cruelty will lie for false charges made by one party to the marriage against the other after they are living apart. (*MacDonald* v. *MacDonald, supra.*) **[5]** And while it is also true that the defendant wife in good faith attempted a reconciliation and restoration, neither a husband nor wife can claim a right to continue the marriage relation while falsely charging the other with unchastity. (*Smith* v. *Smith*, 8 Or. 100, cited with approval in *MacDonald* v. *MacDonald, supra.*) **[6]** The law does not enforce condonation. **[7]** The findings show that plaintiff had a completed cause of action for divorce against defendant upon the ground of extreme cruelty before she sought reconciliation. Thus it appears that the offer came too late, and under such circumstances plaintiff had the right to refuse to accept it, and to stand upon his cause of action for divorce. (*Kenniston* v. *Kenniston*, 6 Cal. App. 657 [92 Pac. 1037]; *Benkert* v. *Benkert*, 32 Cal. 467, 471; *Vosburg* v. *Vosburg*, 136 Cal. 195, 204 [68 Pac. 694].)

**[8]** Of course, the trial court did intend to make conflicting findings. The embarrassment is no doubt due to inadvertence or oversight, but we manifestly are powerless to change the findings of the lower court. That may be done only by the trial tribunal. (*Johnstone* v. *Gloster*, 49 Cal. App. 750, 755 [194 Pac. 504].)

Believing, as we do, that because of the conflicting findings this cause must be remanded for a new trial, we refrain

from reviewing other points for reversal made by the plaintiff.

The judgment is reversed.

Knight, J., and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 21, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 25, 1924.

All the Justices concurred.