[Civ. No. 9329. Second Appellate District, Division One.—August 15, 1935.]

WILL L. LACEY et al., Respondents, v. LUCILE McCONNELL, Administratrix, etc., et al., Defendants; MARGARET A. BOTT, Appellant.

Patterson & Montgomery, William S. Scully and Earl S. Patterson for Appellant.

Spencer Ward and Scott McReynolds for Respondents.

ROTH, J., *pro tem.*—This appeal is prosecuted on the judgment roll alone. The record before us shows that the respondents filed their complaint setting forth four causes of action. The motion of defendant Bott for nonsuit was granted as to the first, second and third causes of action. On the fourth cause of action judgment went against her, as well as against the other defendants, who do not appeal. The first question presented is whether the findings made by the trial court are so inconsistent that the judgment against appellant must be set aside. The inconsistency to which our attention has been directed arises from a finding made by the trial court on the second cause of action (in which judgment was against the nonappealing defendants), and one on the fourth cause of action, which is against all defendants. With reference to the second cause of action, the trial court found it to be a fact that McConnell for himself and as liquidator of the partnership of McConnell & Watson made an agreement, dated May 5, 1929 (exhibit A attached to the complaint), wherein they agreed to deliver to respondents property of the value of $3,000 as consideration for property which had been theretofore conveyed to *appellant* by respondents. Respondents had owned a parcel of property of the value of $3,000 which they had conveyed to appellant, apparently, as will appear from the subsequent finding to be excerpted, for the benefit of appellant and nonappealing defendants, this conveyance having been made under an agreement executed

on or about March 9, 1929, which is alleged in the fourth cause of action. The nature of the transaction made as of March 9, 1929, is specifically set forth in a finding made by the trial court in which the court says: "That on or about the 9th day of March, 1929, the defendant Margaret A. Bott and the said William C. McConnell, the latter acting for himself and as liquidator of the assets of said partnership, as the agent of the defendant Floyd Watson, entered into an agreement with the plaintiffs wherein and whereby the plaintiffs agreed to convey and did convey to said Margaret A. Bott, who was then known as Margaret A. Putnam, the real property described in paragraph I hereof; and the defendant Margaret A. Bott, then known as Margaret A. Putnam, the defendant Floyd Watson, through said William C. McConnell, his agent, and the said William C. McConnell, in consideration thereof agreed to cause to be conveyed to plaintiffs certain of said fig lands in Riverside County, California, which were of the value of three thousand dollars." Since we do not have the benefit of a record of the evidence, we do not know why the separate findings were made, but we see no inconsistency in the two findings on their face which would warrant a reversal of the judgment. The finding excerpted *in haec verba* clearly indicates that on March 9, 1929, respondents, pursuant to agreement with all three defendants, conveyed to appellant real property of the value of $3,000, and that defendants agreed to cause to be conveyed to respondents certain fig lands in Riverside County in consideration therefor. It appears from the finding made on the second cause of action, to which attention has been already directed, that on May 5th the nonappealing defendants directly agreed to convey this Riverside County property. No written agreement apparently was made on March 9th, but respondents actually conveyed the property they owned to appellant apparently for the benefit of all three defendants. It may very well be that the title to the Riverside property was either vested in the nonappealing defendants or such defendants were the ones who could cause this conveyance. To assure respondents that it would be done, a separate agreement was made to that effect, although it does not appear to have been signed by respondents. The court specifically found also that it was not signed by defendant Watson. Assuming that it was an effective agreement

binding McConnell, the agreement itself does not pretend to be a novation of the first contract and there is no suggestion anywhere that it is. It sets forth no release of the appellant or any of the defendants from the contract of March 9th and no facts are found which remotely suggest there was an intention on the part of respondents to release anyone from the first contract. It is clear, therefore, that defendant McConnell, as well as the two other defendants, was bound on the contract of March 9th, and that as to him the finding of the execution of the contract of May 5th was a duplication of the same obligation. Defendant Watson and defendant Bott, however, were bound on the contract of March 9th. The judgment is for the total sum of $3,000 as against all defendants. ■ We see nothing inconsistent in such findings (*Bickerdike* v. *State*, 144 Cal. 681, 693 [78 Pac. 270]); but if there is any inconsistency, it is settled that in the construction of findings all inconsistencies must, if reasonably they can be so construed, be resolved and reconciled in favor of and to sustain the judgment actually rendered and that only when findings cannot be reconciled should a judgment be reversed. (*Haight* v. *Haight*, 151 Cal. 90 [90 Pac. 197].) The findings in this case are not irreconcilable. (*Faure* v. *Drollinger*, 60 Cal. App. 594 [213 Pac. 724]; *Anderson* v. *Anderson*, 68 Cal. App. 218 [228 Pac. 715]; *Goodwin* v. *Snyder*, 70 Cal. App. 98 [232 Pac. 763]; *Wilson* v. *Mattei*, 84 Cal. App. 567 [258 Pac. 453].)

■ The second and final point urged by appellant is that the fourth cause of action sounded in fraud and was for damages and that because the court specifically found there was no fraud, the cause of action cannot be sustained. It is true that the court found that the allegations in the fourth cause of action which charged fraud were untrue. In view of the other allegations, however, this is immaterial. The facts were pleaded and proved and as pleaded and proved established a cause of action irrespective of any fraud. It is well settled that a party is entitled to any and all relief which may be appropriate under the scope of his pleadings and within the facts alleged and proved, irrespective of the theory upon which they may be alleged. (*Haight* v. *Stewart*, 36 Cal. App. 514 [172 Pac. 769]; *Corey* v. *Struve*, 170 Cal. 170, 172 [149

Pac. 48].)   The relief granted in this case was within the scope of the facts alleged and found to be true.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.