**In re WILLIAMS PETROLEUM COR-
PORATION.**

No. 26094.

District Court, S. D. California,
Central Division.

Sept. 13, 1935.

Sherman & Sherman, of Los Angeles,
Cal., for George H. Prout.

Hubert F. Laugharn, of Los Angeles,
Cal., for debtor.

Raphael Dechter, of Los Angeles, Cal.,
for temporary trustee.

Charles C. Montgomery, of Los Ange-
les, Cal., and W. Ward Johnson, of Long.
Beach, Cal., for Fred, Alta, and Gus Weise.

COSGRAVE, District Judge.

On January 12, 1935, Fred Wiese and
others, the owners of the land, granted to
Williams Petroleum Corporation a fee-sim-
ple title, subject to certain taxes and re-
corded restrictions, but "reserving unto the
grantors and heirs and assigns 17½% of
all gas, oil and hydrocarbon substances."
The deed was recorded a few days there-
after. Later, on March 28, 1935, and as
part of the same transaction, the parties
to the deed entered into a separate writ-
ten agreement which, after reciting the
making of the deed and the reservation
mentioned, provided that the first party,
the corporation, would pump, remove, and
produce from the real property the 17½
per cent. of oil "belonging to parties of
the second part," the grantors in the deed,
without any expense to the second parties.

As a means of raising money with
which to prosecute the development of the
property, the Williams Petroleum Corpora-
tion determined, and so advised the gran-
tors, that it intended to sell per cents.
or undivided interests in the property,
which it did. The interests thus sold were
represented by grant deeds, all made after
the recording of the deed to the corpora-
tion.

The Williams Petroleum Corporation,
being insolvent, petitioned for reorganiza-
tion under 77B of the Bankruptcy Act (11
USCA § 207). It was deemed desirable
that the various interests, being those as-
serted by the grantors and others of simi-
lar character, the interests of the creditors
of the corporation and the interests of
those who had taken under the $\frac{1}{100}$ interest
deeds, all be ascertained and adjusted. The
matter was referred for such ascertain-
ment to a special master. The special mas-
ter held hearings, made findings, and filed
the same herewith. He has found that a
mining partnership existed between the
grantors and the Williams Petroleum Cor-
poration, and, as a consequence, a joint en-
terprise was engaged in, and that the in-
terest of the grantors therefore is sub-
ordinate to that of the creditors; that the
property was a mining claim within the
meaning of the law. The matter comes
before this court on exceptions to his re-
port filed by Wiese and the other grantors.

The question to be decided is whether
the master's conclusion was correct.

In addition to the foregoing facts, it
is shown that the corporation deposited in
escrow a quitclaim deed to the property
to be delivered to the grantors in the
event it failed to develop the property
as required by the agreement of March 28.
The transactions in effect present the sit-
uation arising under an ordinary oil lease.
Other than engaging in this transaction
and requiring of the corporation the agree-
ment described to produce the oil, the gran-
tors took no part whatever in the prosecu-
tion of the enterprise. They assumed no
authority with respect to the operation
of the well, paid no part of the expense,
but occupied a position similar to that of
the owner of the property under an or-
dinary lease for development for oil.

The Civil Code of California, § 2511, provides that a mining partnership exists when two or more persons own or acquire a mining claim for the purpose of working it and extracting the mineral therefrom and actually engage in working the same. An express agreement to become partners is not necessary, but their relation arises from ownership of interests in the mine "and working the same" for the purpose of extracting the minerals. Id. § 2512. A member of the partnership shares in the profits and losses. Id. § 2513.

Tested by the plain provisions of section 2511, a necessary incident to a mining partnership is the actual working of the mine. It is evident that the grantors on the one hand and the mining corporation on the other did not join in working the mine, for the undisputed facts show that the grantors had nothing whatever to do with the actual working. They granted the land itself, reserving an undivided interest in its mineral product. The interest of the grantors does not differ materially from that of the owner in an ordinary oil lease. In no case that has been called to my attention has it been held that the owner of the land in making an oil lease, which required the drilling of a well, was held to be a mining partner of the lessee.

The actual working of the mine by the joint owners is essential to a mining partnership. 22 English Encyclopedia of Law, p. 228.

The partnership arises only when the co-owners unite and co-operate in working the mine. Dorsey v. Newcomer, 121 Cal. 213, 53 P. 557; Prince v. Lamb, 128 Cal. 120, 60 P. 689.

The element existing in Harper v. Sloan, 177 Cal. 174, 169 P. 1043, 181 P. 775, and which was the determining factor in that case, is distinctly lacking here. A mining partnership was held to exist because the defendants, although not performing physical work upon the claim, supplied money to be used for that purpose. Harper v. Sloan, supra, 177 Cal. 174, 181, 182, 169 P. 1043, 181 P. 775. The reservation has been construed by the highest court in California to be an estate in real property, and the recordation thereof gives constructive notice. Callahan v. Martin (Cal. Sup.) 43 P.(2d) 788, 797.

I think the situation presented does not constitute the parties mining partners.

The exceptions to the master's report and findings filed by the grantors Wiese are therefore allowed.

Exception to the trustee of the debtor.