JOSEPH K. ITAGAKI *v.* ALICE K. ITAGAKI.

No. 2643.

SUBMITTED MAY 4, 1949.               DECIDED MAY 5, 1949.

KEMP, C. J., LE BARON AND CRISTY, JJ.

*Per Curiam.* This is an appeal by the wife from a decision and decree in divorce granted on the libel of the husband. The libel was grounded solely on "cruel treatment, neglect and personal indignities," alleged in the words of paragraph 8, section 12210, Revised Laws of

Hawaii 1945.[1]

The parties were married in 1927 and had a son, nineteen years of age at the time of trial. For approximately five years immediately prior to 1943 the parties had been living continuously and harmoniously together at Wahiawa. In the early period of the war they had co-operated, at the instigation of the husband, in entertaining service and civilian personnel in frequent home dancing, drinking and card parties or "get-togethers." In March, 1943, the husband joined the army, left the Territory and was ultimately among the combat troops on the Italian front. From March, 1943, to November 5, 1945, he was continuously absent from the Territory. Up to late November, 1944, husband and wife regularly communicated by letter in harmonious and intimate fashion. After the husband's departure the wife continued the home entertainment parties and U. S. O. activities, etc., with the approval of her husband, in addition to managing the family affairs. The wife's conduct at the parties, and otherwise, ultimately became such as to lead relatives and friends to write to the husband late in November, 1944, that the wife was becoming too intimate with sundry servicemen. In the letters she was accused of two isolated acts of unfaithfulness (on the testimony of the husband's mother) as occurring early in November, 1944. Shortly after receipt of these letters, the husband wrote to the wife accusing her of improper conduct, telling her that she did not need to write him any more and stating in closing the letter that it would be the last one he would write "until I am

---

[1] The pertinent provision of § 12210, par. 8, reads: "When either party is guilty toward the other of such cruel treatment, neglect or personal indignities, though not amounting to physical cruelty, *continued over a course of not less than sixty days*, as to render the life of the other burdensome and intolerable and their further living together insupportable." (Emphasis added.)

convinced that you are the Mrs. Itagaki I once knew."
No further letters were exchanged between husband and
wife. The husband returned to Hawaii November 5, 1945,
refused to accompany his wife to their family home and,
on November 6, abruptly informed her that he had made
up his mind to seek a divorce, ordering her to leave the
residence. His libel for divorce was filed on the same day.

Considering the evidence as a whole, and assuming
that she had been guilty of the two acts of unfaithfulness
of which she was accused, the circumstances testified to
as accompanying these illegal acts do not justify an in-
ference that she had a fixed intention openly to repudiate
her husband or deliberately to parade such conduct for
the settled purpose of provoking and humiliating him.
(The wife at the trial strenuously denied and contested
the imputations of unseemly or immoral conduct.) The
husband produced no evidence at the trial that the wife
had persisted in the alleged conduct, to which he had
objected, after she had received the accusatory letter from
him. Hence, there is no evidence that would justify a con-
clusion that she had really become estranged from him,
that she harbored a settled hate against him or, after he
had been told in the letters from others of conduct to which
he objected, that she had set about intentionally to flaunt
a disregard of her marriage vows or had been guilty of
other acts against him constituting "cruel treatment, neg-
lect and personal indignities," thereafter for a period of
not less than sixty days.

Under such a state of the record the ground for divorce
alleged in the libel has not been established. In the cases
of *Jem* v. *Jem,* 34 Haw. 312, and *Sisson* v. *Sisson,* 36
Haw. 606, this court has construed the statutory provision
involved.

The cases from other jurisdictions, cited by the trial
judge, were decided under statutes different from the

statute in Hawaii.[2] In those jurisdictions the statute prescribed no specific period of continuance of the conduct. Even under general statutes something showing that the offending spouse intended to and did parade the proscribed conduct for the purpose of provoking or inducing embarrassment and humiliation in the other spouse must appear.[3]

Obviously, under the local statute the spouse against whom the conduct operates must either be presently living with the offender so as to be a sufferer under the acts committed, or the conduct must be such as to be continuously repeated against him after he becomes aware of it, so as to indicate a justifiable inference that "an estrangement or a settled hate upon the part of the *offending* spouse" exists. (Emphasis added.) The provision in the local statute requiring that the conduct continue for not less than sixty days is obviously prescribed for the purpose either of providing time for a change of conduct on the part of the offending spouse or to allow time to show such a persistence of conduct as to justify the conclusion that the offender intended to and did in fact render the life of the other "burdensome and intolerable." It is the persistent continuance of the proscribed conduct on the part of the offender that creates the specified ground for divorce, not merely the brooding of the other which occurs after the discovery of past conduct.

The decree is reversed and the cause remanded to the circuit court for further proceedings consistent with this

---

[2] For instance, in California a false charge of unchastity, even on a single occasion, constitutes cruelty: MacDonald v. MacDonald, 155 Cal. 665, 102 Pac. 927, 25 L. R. A. (N. S.) 45; Anderson v. Anderson, 68 Cal. App. 218, 228 Pac. 715. See also Smith v. Smith, 8 Ore. 100; Herriford v. Herriford, 169 Mo. App. 641, 155 S. W. 855, decided on statute found in 1 Mo. Rev. Stat. § 2370 (1909).

[3] See Cohen v. Cohen, 194 Ga. 573, 22 S. E. (2d) 132.

372

opinion.

O. P. *Soares* and *J. M. Morita* for libelee-appellant.

*G. Y. Kobayashi* and *C. Y. Chikasuye* for libelant-appellee.