FIGUEROA, DEMANDANTE Y APELADO, *v.* PIERLUISI, DEMANDADA Y APELANTE.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre divorcio.

No. 1605.—Resuelto en julio 2, 1917.

DIVORCIO—FALTA DE HECHOS PARA UNA CAUSA DE ACCIÓN.—En vista del interés público y de la política general en cuestiones de divorcio, no expone hechos bastantes para una causa de acción, una demanda en que se alega que tuvo necesidad el demandante de asilarse en un hospital con motivo de una operación quirúrgica a que tuvo que someterse y que durante el tiempo que estuvo allí, su consorte, la demandada, lejos de ocuparse en su asistencia y cuidado, sin consideración a su estado de salud, le abandonó completamente, dedicándose a paseos, visitas y fiestas, y que al recibir las quejas del demandante por tal conducta le contestó despectivamente que ella no podía consumir su juventud al lado de un miserable, estando arrepentida de haberse casado con él y cansada de la vida matrimonial, que le odiaba y despreciaba y estaba dispuesta a romper para siempre el lazo matrimonial, abandonando marido y hogar.

ID.—TRATO CRUEL.—El hecho de que los cónyuges vivan juntos sin ser felices debido a sus caracteres irrefrenables o a desavenencias y la mera severidad del temperamento, mal genio, rudeza en el lenguaje, o hasta arranques impetuosos, sin amenazar daño corporal o causar perjuicios a la salud, no equivalen, por regla general, a trato cruel. El *status* del matrimonio es uno en que la ley funciona sobre la debilidad lo mismo que sobre la fortaleza de la naturaleza humana, y no se disolverá a menos que existan causas graves sustanciales.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Alberto S. Poventud.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En este caso el demandante y apelado estableció una acción de divorcio contra su esposa, alegando en su demanda los hechos siguientes:

"Primero: que el demandante Florencio Figueroa y Reyes y Paula Pierluisi y Grau, contrajeron matrimonio en Barcelona, España, en 14 de octubre de 1899, y ambos son mayores de edad, residentes en Villalba, Juana Díaz, Puerto Rico, y han residido en esta Isla de donde son naturales, desde 1900 hasta ahora.

"Segundo: que en dicho matrimonio se han procreado los hijos siguientes; todos menores de edad: Gloria, Carmen, Guillermo, Margarita, Angélica, Florencio, Elsa y Ramón.

"Tercero: que existen bienes gananciales adquiridos durante el matrimonio.

"Cuarto: que el demandante tuvo necesidad de asilarse en el Hospital de Damas con motivo de una operación quirúrgica a que tuvo que someterse y durante el tiempo que estuvo allí, su consorte, la demandada, lejos de ocuparse en su asistencia y cuidado, sin consideración al estado de salud del demandante, abandonó a éste completamente, dedicando su tiempo a paseos, visitas y fiestas, y al recibir las quejas del demandante por tal conducta, le contestó despectivamente que ella no podía consumir su juventud al lado de un miserable; que estaba arrepentida de haberse casado con él y cansada de la vida matrimonial; que le odiaba y despreciaba; y que estaba dispuesta a romper para siempre el lazo matrimonial, abandonando marido y hogar.

"Quinto: que este hecho ocurrió en presencia de varias personas y fué motivo de escándalo y de humillación para el demandante."

Acusada la rebeldía de la demandada, la corte de distrito después de oir la prueba que fué presentada por el demandante, declaró con lugar la demanda de divorcio, y ordenó que los hijos menores de edad quedaran bajo la custodia de su padre, el demandante, ordenando además que se practicara la oportuna liquidación de la sociedad conyugal.

La apelante insiste en que la corte inferior cometió error

al no desestimar la demanda del actor por no haberse alegado hechos bastantes para determinar una causa de acción.

El apelado no ha formulado alegato y no compareció en la vista del recurso.

La proposición sometida por la apelante parece estar bien fundada por razón de sus méritos, y en vista del interés público y de la política general en cuestiones de esta índole, no nos sentimos dispuestos a interponer de *motu propio* ninguna objeción técnica.

De la demanda no aparece la naturaleza de la operación quirúrgica a que en ella se hace referencia ni el tiempo que permaneció el demandante en el hospital. El pudo haber permanecido allí un día, o una tarde. La operación puede haber consistido en operar un carbunclo en su cuello o sacarle una nigua de uno de los dedos de los pies. Además, la teoría relativa al deber por parte de la esposa de ocuparse de la asistencia y cuidado de un esposo que voluntariamente ha abandonado su hogar y se ha sometido al cuidado de los expertos profesionales de un hospital, parece algo dudosa si no enteramente incompatible con las necesarias restricciones y verdaderas condiciones que prevalecen en cualquiera institución bien dirigida.

Según parece, la demandada es madre de ocho hijos, el mayor de los cuales apenas si tiene más de diez y seis años, pero no consta que ninguno de ellos haya sufrido por abandono. Y si bien el lenguaje despectivo que se alega en la demanda fué dirigido al demandante en presencia de otros, lo era, sin embargo, en contestación al cargo que le hacía el esposo respecto a la supuesta mala conducta de la demandada, cargo que evidentemente se le hizo ante los mismos testigos, y que por tanto tendió a excitar resentimientos y provocar recriminaciones más bien que a hacer que se le diera una explicación o excusa. Dentro de esas circunstancias el hecho de que la esposa recurra a la única arma eficaz que se le presenta en tal situación se convierte en cuestión de defensa propia, dejando

a un lado toda cuestión relativa al ejercicio independiente de un derecho inalienable innato en todas las mujeres por razón de su sexo.

Desde luego que la prueba presentada puede haber subsanado en cierto modo los defectos de la demanda, pero no podemos suponer que así haya sucedido faltando en absoluto una exposición del caso y en vista de la única conclusión a que llegó la corte sentenciadora, o sea, que "todos y cada uno de los hechos alegados en la demanda y esenciales para constituir la causa de acción que se ejercita se han probado satisfactoriamente."

Admitiendo, para los fines del argumento, que el lenguaje que se imputa a la demandada, usado en una sola ocasión aislada y que fué provocado por la protesta hecha por el marido en presencia de varias personas, acusando a la esposa de supuesta indebida conducta, en unión con la especie de abandono a que se refiere la demanda, sea bastante para indicar que existe cierto grado de incompatibilidad de caracteres entre los esposos, aun así, no conocemos ningún caso en que se haya llegado a declarar que semejante trato puesto en práctica con un esposo de condiciones normales por una esposa excitable sea constitutivo del trato cruel que la ley determina. No existe nada que indique la disposición de sensibilidad en sumo grado o una susceptibilidad excepcional por parte del demandante, o cualquier otra circunstancia especial que pudiera tender a agravar el efecto producido por los actos imputados a la demandada en la mente del demandante, ni ninguna alegación de ese "grave sufrimiento mental" que se ha resuelto en algunas de las decisiones más recientes, tales como la del caso de *McDonald* v. *McDonald,* 155 Cal. 665, que constituye crueldad extrema.

"Ha sido reconocido universalmente, por lo menos teóricamente, que las partes no pueden ser divorciadas por el fundamento de crueldad simplemente por el hecho de vivir juntos sin ser felices debido a sus caracteres irrefrenables o a sus desavenencias. Las personas casadas deben someterse a las consecuencias ordinarias de las debi-

lidades humanas y de la unión imprudente, y la mala conducta que habrá de servir de base para obtener un divorcio para constituir crueldad debe ser grave.    Y la mera severidad del temperamento, mal genio, rudeza en el lenguaje, o hasta los arranques impetuosos, si no amenazan daño corporal o causan perjuicio a la salud, por regla general no equivalen a crueldad.    Como ya bien se ha dicho el esposo y la esposa están obligados a hacer mayores esfuerzos porque desaparezca cualquier error, tratar de arreglar las cuestiones que entre ellos se susciten, suavizando el camino para la concordia, y de conseguir su reconciliación, que las personas en otras relaciones de la vida.    El status del matrimonio no es meramente contractual de modo que cada uno tenga derecho a exigir del otro que cumpla estrictamente con el vínculo.    Es un status en que la ley funciona sobre la debilidad lo mismo que sobre la fortaleza de la naturaleza humana, y no se disolverá a menos que existan causas graves y sustanciales.''    9 R. C. L. 336, pár. 116.

La sentencia apelada debe ser revocada y la demanda declarada sin lugar.

> *Revocada la sentencia apelada y declarada sin lugar la demanda sin especial condena de costas, desembolsos y honorarios de abogado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.