GALIP, DEMANDANTE Y APELADO, *v.* DRAG, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre divorcio.

No. 2217.—Resuelto en julio 29, 1920.

DIVORCIO—TRATO CRUEL E INJURIAS GRAVES—INTENCIÓN.—Analizada la prueba practicada en este caso, la corte concluyó que el tribunal sentenciador fué de-

masiado lejos al apreciar la gravedad de las injurias inferidas por la mujer al marido, y decidió que, atendidas todas las circunstancias que concurren y que se expresan en la opinión, tales injurias no constituyen el ''trato cruel'' ni las ''injurias graves'' que de acuerdo con la ley interpretada por la jurisprudencia, son causa do divorcio.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Angel A. Vázquez.*

Abogados del apelado: *Sres. Benet & Souffront.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un caso de divorcio. Se alegó como causa el trato cruel y las injurias graves. El demandante es el esposo. La esposa demandada se opuso. Fué el pleito a juicio. Ambas partes presentaron y practicaron pruebas y la corte dictó sentencia favorable al demandante. La demandada apeló para ante este tribunal.

Examinada la prueba de la parte demandante resulta que demandante y demandada estaban casados y tenían varios hijos; que el esposo vivía desde hacía más de un año separado de la esposa y que en un determinado día la mujer insultó al marido y le tiró piedras ayudada de una hija de ambos que amenazó al padre con una tranca. No hay prueba de que el marido recibiera lesión física alguna. Tampoco la hay de otros actos específicos de agresión por parte de la mujer, pero el marido, al contestar la siguiente pregunta: ''¿qué le ha hecho ella a usted?'' dijo: ''pelear conmigo cada rato, cada vez que vengo a la casa está encima de mi, ella y la hija de ella, con piedras, palos y todo eso.''

De la prueba de la parte demandada resulta que en efecto existían disgustos entre los esposos y que el marido le pegó a la mujer dándole una patada que le ocasionó una herida, le quitó las prendas y las ropas mejores a la hija, y fué denunciado por abandono de menores, habiéndose avenido en el acto del juicio a pasar una pensión semanal que se fijó en cuatro pesos para atender a la subsistencia de su esposa y de sus hijos, quedando entonces la causa criminal pendiente de que el acusado cumpliera o no su promesa. Al terminar

de declarar la demandada, dijo el demandante, por medio de su abogado, según aparece de la transcripción:

"Los hechos que ha alegado como materia nueva o que alega específicamente, lo ha hecho en tal forma que realmente constituye una causa de divorcio."

Y entonces contestó la demandada por medio del intérprete:

"Ella dice que siempre ha sufrido con paciencia por seguir viviendo con su esposo. Además ella dice que ha sufrido siempre por no separarse de su esposo."

Ese es, a grandes rasgos, el resultado de la prueba. Ambos esposos son árabes de nacionalidad. No tienen una educación esmerada. Al contrario, son personas enteramente rudas. Vendían objetos en la Plaza del Mercado de Mayagüez y vivían en el "Patio de los árabes" de la indicada ciudad. Surgieron disgustos entre ellos el origen de los cuales no consta perfectamente claro de los autos, pero una testigo presentada por el mismo demandante, dice que vió una vez a éste de rodillas, suplicando a su esposa y que ésta lo rechazó. El hecho de que la hija se pusiera enteramente al lado de la madre, debe tomarse en consideración. El marido se había vuelto espiritista y, según la esposa, tenía otras mujeres.

Después de un estudio concienzudo de todas las circunstancias que concurren en este caso, estamos convencidos de que la corte de distrito fué demasiado lejo al apreciar la gravedad del único acto específico de agresión y de injurias realizado por la mujer, ayudada de la hija, contra el esposo y padre. Ese acto fué seguramente el resultado de algún disgusto violento entre personas rudas, pero no revela la intención de injuriar gravemente al demandante, ni presenta el caso de trato cruel que fija la ley y que ha explicado la jurisprudencia.

Siendo esto así, y haciendo aplicación a este caso de la jurisprudencia establecida por esta misma corte, entre otros,

en los de *Figueroa* v. *Pierluisi,* 25 D. P. R. 496; *Axmayer* v. *Ortiz,* 19 D. P. R. 501; y *Fernández* v. *Hernández,* 8 D. P. R. 237, estimamos que debe revocarse la sentencia apelada y en su lugar dictarse otra desestimando la demanda.

> *Revocada la sentencia apelada y desestimada la demanda sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf disintió.