MARGARITA BIAGGI ESBRI, demandante y apelada, *v.* EULALIO GÓMEZ PÉREZ, demandado y apelante.

No. 3701.—*Visto:* Febrero 19, 1926. *Resuelto:* Julio 22, 1926.

1. DIVORCIO—DE LAS CAUSAS DEL DIVORCIO—EN GENERAL.—No procede decretar el divorcio, cuando alguna de las causas que reconoce la ley como fundamento del mismo, no se prueba cumplidamente.

2. DIVORCIO—DE LAS CAUSAS DEL DIVORCIO—TRATO CRUEL E INJURIAS GRAVES—
   SEVERIDAD DE TEMPERAMENTO, MAL GENIO, RUDEZA DE LENGUAJE—EN GE-
   NERAL.—Brusquedades y malas palabras ocasionales proferidas por un es-
   poso contra su esposa, y el disgusto producido con ellas a la esposa, dadas
   las condiciones en que aquél se encontraba en este caso, *se resolvió* que no
   podían servir como causa determinante de la ruptura del vínculo matrimonial.

SENTENCIA de *R. Díaz Cintrón*, J. (Ponce), declarando con lugar
la demanda de divorcio, sin costas. *Revocada*, declarándose la
demanda sin lugar.

*R. Rivera Zayas*, abogado del apelante; *José Tous Soto*, abogado de
la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Margarita Biaggi entabló demanda de divorcio contra su
esposo Eulalio Gómez alegando como causa el trato cruel y
las injurias graves consistentes en haberle dicho malas pa-
labras—que expresa—en alta voz, delante de visitas y ve-
cinos, especialmente durante el mes de diciembre de 1923,
todo lo cual le produjo un estado de postración física que
le hacía insoportable la vida al lado de su esposo.

Éste se opuso alegando que no era cierto que hubiera
tratado cruelmente a su esposa y que por el contrario ha
sido ella la que lo había martirizado con su conducta cuando
se vió obligado a dejarse amputar sus dos piernas por ra-
zón de enfermedad, quedando inválido.

La prueba ocupa más de cien páginas y ha sido anali-
zada minuciosamente en el alegato de la parte apelante.

La parte apelada no presentó alegato ni asistió a la
vista del recurso.

El fiscal archivó su informe citando los casos de *Cruz* v.
*Domínguez*, 8 D.P.R. 580, *Figueroa* v. *Pierluissi*, 25 D.P.R.
498, y *Kennerly* v. *Kennerly*, 29 D. P. R. 782, y llamando la
atención de la corte hacia lo débil que a su juicio resultaba
la prueba aportada por la parte demandante para sostener
su acción.

Y así es en efecto. Es verdad que en su larga declara-
ción la demandante se presenta como insultada por el de-

mandado, pero cuando trata de corroborar los extremos de su declaración con el testimonio de otras personas, el de éstas presenta un cuadro de tonos diferentes.

En la demanda se señala el mes de diciembre de 1923 como el período más fuerte del mal trato. Fué entonces que al demandado se le llevó enfermo al hospital y se le amputaron sus dos piernas. Una nurse declaró que oyó al demandado proferir algunas palabras injuriosas contra su esposa y vió a la esposa llegar llorando a la oficina un día, pero no explica el origen del disgusto y aceptando todo lo peor para el demandado, dada la condición en que se encontraba, aquellas brusquedades y malas palabras ocasionales y el disgusto que produjera con ellas a su esposa, no podrían jamás servir, de acuerdo con la ley y la jurisprudencia, como causa determinante de la ruptura del vínculo matrimonial. Llama la atención que sólo una nurse declarara y que la demandante no requiriera el testimonio del doctor que asistía al paciente y sobre todo el de otro enfermo que ocupaba la misma habitación.

Parece indudable que el esposo en este caso es hombre rudo, acostumbrado quizá al uso de expresiones fuertes, de palabras malas. Su natural condición tuvo necesariamente que exacerbarse con motivo de su cruel enfermedad. La esposa no puede llamarse a engaño. Ella contrajo matrimonio con él en 1911 y a principios de 1914 solicitó y obtuvo el divorcio por causa de maltrato. A fines de 1914 volvió a unirse a él en matrimonio y con él vivió desde entonces y es ahora cuando su marido está más necesitado de ella que solicita el divorcio.

[1, 2] Esta corte, de modo consistente, desde su fundación, ha sostenido que el divorcio sólo debe decretarse cuando alguna de las causas que reconoce la ley se prueba cumplidamente. Desde el 15 de junio de 1905, en el caso de *Cruz* v. *Domínguez,* 8 D.P.R. 580, 586, dijo: para que las frases ofensivas den al demandante el derecho a obtener el divor-

cio deben ser de tal naturaleza, o ir acompañadas de tales actos que el malestar producido equivalga en sí mismo al trato cruel.'' Y en julio 2, 1917, en el caso de *Figueroa* v. *Pierluissi*, 25 D.P.R. 496, hizo la siguiente cita del de *Mc-Donal* v. *McDonald*, 155 Cal. 665, que parece escrita expresamente para éste que resolvemos., Dice así:

''Ha sido reconocido universalmente, por lo menos teóricamente, que las partes no pueden ser divorciadas por el fundamento de crueldad simplemente por el hecho de vivir juntos sin ser' felices debido a sus caracteres irrefrenables o a sus desavenencias. Las personas casadas deben someterse a las consecuencias ordinarias de las debilidades humanas y de la unión imprudente, y la mala conducta que habrá de servir de base para obtener un divorcio para constituir crueldad debe ser grave. Y la mera severidad del temperamento, mal genio, rudeza en el lenguaje, o hasta los arranques impetuosos, si no amenazan daño corporal o causan perjuicio a la salud, por regla general no equivalen a crueldad. Como ya bien se ha dicho el esposo y la esposa están obligados a hacer mayores esfuerzos porque desaparezca cualquier error, tratar de arreglar las cuestiones que entre ellos se susciten, suavizando el camino para la concordia, y de conseguir su reconciliación, que las personas en otras relaciones de la vida. El status del matrimonio no es meramente contractual de modo que cada uno tenga derecho a exigir del otro que cumpla estrictamente con el vínculo. Es un status en que la ley funciona sobre la debilidad lo mismo que sobre la fortaleza de la naturaleza humana, y no se disolverá a menos que existan causas graves y sustanciales. 9 R. C. L. 336, pár. 116.''

Un análisis detallado de la prueba sólo conduciría a alargar innecesariamente esta opinión. La hemos estudiado cuidadosamente y a nuestro juicio no es bastante. A veces resulta el matrimonio una cruz y creemos que la esposa en este caso una vez que reflexione y deje que se manifieste la parte noble de su naturaleza, será más feliz llevando su cruz sufrida y valerosamente hasta el fin, que dejándola abandonada en la mitad del camino.

*Debe revocarse la sentencia apelada y declararse la demanda sin lugar*, sin especial condenación de costas.