MIGUEL A. MARQUES MUÑOZ, demandante y apelado, *v.* CARMEN GLORIA RIVERA y LUZ MARÍA RIVERA, demandadas y apelantes.

Núm. 9576.—*Sometido:* Enero 20, 1948. *Resuelto:* Abril 30, 1948.

*Félix Ochoteco, Jr. y Luis E. Dubón,* abogados de las apelantes; *A. Reyes Delgado,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La corte de Distrito de Arecibo declaró con lugar la demanda de divorcio interpuesta por Rafael A. Marques Muñoz

---

contra su esposa Carmen Gloria Rivera,([1]) por la causal de trato cruel e injurias graves. Apeló la demandada y en este recurso alega que dicha corte erró al apreciar la prueba, al considerar que el demandante probó que su esposa había cometido en relación con él, trato cruel e injurias graves y al no haber declarado con lugar la defensa consignada en la contestación, del impedimento en que se encontraba el demandante por su trato cruel para con la demandada de poder obtener sentencia de divorcio a su favor.

Como puede verse, los tres errores señalados tienden a impugnar la apreciación que de la prueba presentada por las partes hizo la corte sentenciadora. Dicha prueba fué contradictoria, no en relación con hechos aislados y sin importancia, sino en cuanto al hecho fundamental de la causal alegada en la demanda, a saber, si era cierto o no que la demandada después de haber presentado y tramitado una acción de divorcio en contra del aquí demandante ante la Corte de Distrito de San Juan, también por trato cruel e injurias graves, y después de haberse anotado la rebeldía del demandado y obtenido sentencia a su favor, solicitó y obtuvo que dicha sentencia fuera anulada por haber alegado en una moción y declarado en corte, que dicha acción de divorcio había sido iniciada y continuada por ella, debido a la coacción y amenazas de su esposo. La corte inferior dió crédito a la prueba del aquí demandante al efecto de que no había habido tal coacción y que el haber la demanda hecho tales alegaciones bajo juramento ante la Corte de Distrito de San Juan, constituía una imputación falsa de haber sido instigada y amenazada a cometer perjurio por el demandante, constituyendo dicha actuación trato cruel e injurias graves por parte de la demandada hacia

---

([1]) Se incluyó en la demanda, como codemandada, a Luz María Rivera, madre de la esposa, alegándose que ésta era menor de edad. El demandante y apelado admite en su alegato que la madre no era una parte necesaria en la acción. Tiene razón. Véanse artículos 239 y 240 del Código Civil y *Sucn. de Jesús* v. *Sucn. Castro*, 62 D.P.R. 580. Nos referiremos, por tanto, a la esposa como única apelante

el demandante. Expresamente hizo constar además la corte inferior que en la presente acción la demandada alegó y declaró que era cierto que el demandante la había agredido e injuriado, lo que hace presumir que ella actuó voluntariamente ante la Corte de Distrito de San Juan. Resolvió, por último, que no se había presentado una prueba convincente de que el demandante a su vez haya maltratado e injuriado a la demandada.

Hemos examinado detenida y cuidadosamente la extensa (204 páginas) transcripción de la evidencia presentada en este caso. Su lectura y estudio nos ha convencido de que el crédito que le mereció a la corte inferior la prueba del demandante al efecto de que éste no coaccionó ni amenazó a su esposa para que presentara la acción de divorcio en San Juan, se debió primordialmente a la declaración que, como testigo suyo, prestó en este caso, el abogado de ella en dicha acción, Lic. Francisco Susoni, Jr., en el sentido de que al salir de la corte de Distrito de San Juan y darse cuenta de que la aquí demandada estaba llorando le preguntó si no estaba conforme con el divorcio o que si había habido coacción, porque si era así el pediría que se dejara sin efecto la sentencia y que ella le contestó que no, que ella quería divorciarse; que en ningún momento ella le dijo que el esposo la había coaccionado, y, a preguntas del juez declaró, que el día del juicio en San Juan ella relató los hechos en la silla de los testigos en la misma forma en que se los había informado a él en su oficina y que ella no estaba cohibida, aunque sí le dijo que estaba molesta, sentida con su esposo.

Fué indudablemente esta declaración del Lic. Susoni, corroborativa de la prueba presentada por el apelado, la que inclinó la balanza en la mente del juzgador para dar crédito a la prueba del apelado y no a la declaración aislada de la apelante, afirmativa de la coacción. Dijo el juez en su opinión: "No se ha probado a satisfacción de la corte que el demandante coaccionara o amenazara a la demandada para que

presentara la demanda de divorcio en San Juan, aunque ella alega y declara lo contrario; pues el abogado que llevó la demandada declaró en juicio que él se entendió exclusivamente con ella y que ella fué a su oficina a darle los datos sin que estuviera presente el demandante y que igualmente le llevó los testigos, fué a la corte y declaró sin que mostrara estar cohibida o amenazada en ninguna forma.''

Fué a base de esta conclusión que la corte inferior consideró que la alegación falsa hecha por la apelante imputando al apelado haberla obligado a presentar y sostener su acción de divorcio en San Juan, constituía trato cruel e injurias graves para con el apelado, debido a que dicha actuación equivalía a una imputación de instigación a cometer perjurio, delito grave de acuerdo con el artículo 124 del Código Penal. Sostuvo además, la corte que, el hecho de haber la apelante solicitado alimentos al apelado alegando como motivo para ello un estado de embarazo, que nunca se materializó, también constituyó trato cruel.

Aceptando las conclusiones de hecho de la corte sentenciadora basadas en la apreciación que hizo de la prueba, como siempre estamos dispuestos a hacerlo en ausencia de manifiesto error o actuación movida por pasión, prejuicio o parcialidad, o que haya ausencia de prueba para sostenerlas, somos de opinión que, como cuestión de derecho, dichos hechos no son suficientes para dejar establecido un caso de divorcio a favor del marido por la causal de trato cruel e injurias graves.

Hemos resuelto que cuando es el marido el que solicita el divorcio fundado en dicha causal, debe presentar un caso más claro de violencia o sufrimiento mental que perjudiquen seriamente a su salud, que cuando es la esposa quien lo solicita. *Fernández* v. *Casalduc,* 29 D.P.R. 730 y véase *Manich* v. *Quero,* 38 D.P.R. 93; *Galip* v. *Drag,* 28 D.P.R. 818; *Figueroa* v. *Pierluisi,* 25 D.P.R. 496; *Delgado* v. *Mercado,* 60 D.P.R. 585.

■ El hecho de que la apelante solicitara alimentos de su esposo alegando para ello que estaba encinta y que luego resultara que nunca lo estuvo, no puede por sí constituir trato cruel ni injuria grave, ya que, estuviera ella en estado grávido o no, era obligación legal del marido pasarle alimentos. Artículo 143, Código Civil. Pero es que, como cuestión de hecho, la prueba demostró que ella creyó que lo estaba y acudió donde un médico, el Dr. Santos, y, aunque éste no le aseguró que lo estuviera, sí le informó que los síntomas por ella expuestos indicaban que podía estarlo. El hecho de que ella no siguiera su consejo de esperar y poco después, por conducto de un abogado, le informara al apelado que lo estaba y por ese motivo solicitara alimentos, no es, repetimos, base alguna para sostener la sentencia recurrida.

■ En cuanto a la alegada imputación de coacción, aceptando los hechos probados por la corte, tampoco son suficientes ya que, aun cuando no hubiera habido, técnicamente, una coacción o amenaza por parte del esposo, toda la prueba, especialmente su propia declaración, tiende a demostrar el carácter irresponsable del apelado, un estudiante adinerado, quien en todo momento, desde que, después de haberla ultrajado, se casó con la apelante, para así evitar la intervención del fiscal, sólo se preocupó de sacarla en algunas ocasiones a distintos hoteles en San Juan, donde dormían, y luego adoptar una actitud complaciente hacia la realización de su objetivo, o sea el rompimiento del lazo matrimonial. Decimos actitud complaciente, porque la prueba demuestra que el Lic. Susoni al radicar la demanda, llamó al apelado para tratar de que se reconciliara con su esposa y él se negó; porque la prueba demuestra que los dos testigos utilizados por ella en su acción en San Juan eran dos amigos, compañeros de clase y miembros de la misma fraternidad del apelado; porque la prueba demuestra que el apelado fué llamado por el Lic. Susoni a la Corte de Distrito de San Juan, el día del juicio para que le firmara una declaración jurada al efecto de que él no

pertenecía a las fuerzas armadas y el apelado lo hizo, aunque en el presente caso declaró que no sabía lo que había firmado. Otras muestras de su irresponsabilidad surgen del récord en tantos otros aspectos que ellas solamente son compatibles con la conclusión de que no es el apelado una persona que pueda concluirse que haya sufrido angustia mental alguna con las alegaciones que en su acción judicial en San Juan, o en la presente, pudiera haberle hecho la apelante. La consecuencia o significado legal de una actuación judicial o extrajudicial determinada puede o no constituir trato cruel o injuria grave, según los hechos y circunstancias que rodean cada caso. Y si la alegación no ha sido hecha maliciosamente no es suficiente para constituir base suficiente para dicha causal de divorcio. En el caso de *Kennerley* v. *Kennerley*, 29 D.P.R. 777, se alegó por el marido que la esposa le había imputado en otras dos acciones iniciadas por ella, que su esposo le había trasmitido una enfermedad infecciosa y que tal cargo era falso. Resolvimos, en la página 788:

"La demanda no expresaba que estos cargos se hicieron maliciosamente. La prueba, aunque fué impugnada por la demandada en cuanto a la fecha respecto a la cual se declaró, tendía a demostrar que los cargos eran falsos, *y la corte así lo creyó, pero no hubo ninguna otra prueba de malicia que no fuera la de que cada vez la señora Kennerley desistió de su cargo*. Dijo ella que había desistido porque no quería sostener sus cargos y quería que su esposo volviera a unirse a ella. Ella juró la veracidad de los cargos y su prueba en este particular fué admitida por estipulación, conviniendo las partes en que ella así lo declararía. Los cargos como éstos tienen cierta analogía a la persecución de una causa, criminal o civil. Dijo la Corte Suprema de los Estados Unidos, en el caso de *Stewart* v. *Sonneborn*, 98 U. S. 1812 [*sic*, debe ser 187] caso que ha sido muy citado:

" 'Ha quedado bien establecido que no puede sostenerse una acción contra un demandante o denunciante que ha fracasado a menos que se demuestre afirmativamente que fué movido en su conducta por malicia o algún motivo indebido o avieso. . . . A pesar de lo que se ha dicho en algunas decisiones respecto a una distin-

ción entre acciones para procesos y pleitos civiles, ambos casos en la actualidad requieren sustancialmente los mismos elementos.'

"Véase también el caso de *Paganacci* v. *Lebrón*, 24 D.P.R. 796. En el tomo 19 C. J. 51, se dice que ordinariamente los cargos falsos de adulterio proferidos ya por el marido o la mujer *maliciosamente* y sin debida causa constituyen crueldad de acuerdo con la ley; para que sean por tanto crueldad legal los cargos falsos de adulterio o de transmitir una enfermedad venérea, lo que prácticamente es la misma cosa, *debe demostrarse que se han hecho maliciosamente. No hubo tal prueba en este caso.* (Bastardillas y materia entre corchetes nuestras.)

En el caso de autos el demandante ni alegó ni probó que la demandada al desistir de su demanda en San Juan alegando coacción, lo hiciera maliciosamente. Más bien la prueba tiende a demostrar que la demandada actuó quizá influída o presionada por su madre al enterarse ésta de la sentencia de divorcio obtenida por su hija sin haberle antes comunicado nada en cuanto a su intención de iniciar dicha acción. Si bien la apelante no necesitaba el consentimiento de su madre para iniciar la acción de divorcio (véase escolio 1), no podemos ignorar el peso preponderante que, sobre una joven menor de edad, por lo general tienen los consejos e indicaciones de una madre, sean estos ciertos o equivocados.

Consideramos aplicables a los hechos de este caso, en conjunto, lo que dijimos en el de *Delgado* v. *Mercado,* supra, pág. 595: "Bajo las circunstancias que en este caso concurren, conceder el divorcio solicitado por el marido, sería premiar su inconstancia, satisfacer su deseo de romper el vínculo matrimonial porque no le permite vivir su vida como él la entiende. . . .''

*Debe revocarse la sentencia apelada y dictarse otra desestimando la demanda, con costas.*